## Haak's Appeal.

1. Where a creditor has reduced his claim to judgment which takes effect as a lien upon land of the debtor, a subsequent conveyance of said land by the debtor cannot be said to be in fraud of the creditor, inasmuch as the vendee takes subject to the lien of the creditor's judgment.

2. Where a debtor conveys land in fraud of his creditors, and subsequently those creditors reduce their claim to judgment and issue execution against the land, judgment creditors of the debtor prior to the conveyance are not entitled to participate in the proceeds of the sale.

3. A., a creditor of B., reduced his claim to judgment constituting a lien on B's land. Subsequently B., in fraud of C., another creditor, conveyed the land to D. C. reduced his claim to judgment, and duly revived it from time to time. A. also revived his judgment, but neglected to notify D., the terre-tenant. C. subsequently issued execution upon his judgment, and sold B.'s interest in the land. · *Held*, that the conveyance by B. to D., was not in fraud of A., and that A.'s neglect to revive his judgment as against the terre-tenant did not entitle him to participate in the proceeds of the sheriff's sale.

4. Where a party begins proceedings in a certain capacity, he will be presumed to continue to act in such capacity, even though he may not so appear on the record.

March 1st 1882.   Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

APPEAL from the Court of Common Pleas of *Berks county :* Of January Term 1881, No. 246½.

This was an appeal by Michael Haak from a decree distributing the proceeds of a sheriff's sale of real estate of Charles H. Miller.

The auditor appointed to distribute the fund found the material facts to be as follows :—   ·

On April 6th 1871, Charles H. Miller executed a bond and

warrant of attorney to Michael Haak for $2,000, on which judgment was entered the same day. By deed delivered later on the same day, the said Charles H. Miller granted and conveyed his interest in certain real estate to one Bechtel who reconveyed the same to Elvira L. Miller, wife of Charles H. Miller. Both these deeds were without consideration, and the auditor found that they were made with intent to defraud existing creditors, one of whom was Reuben Klopp, who held a bond for $1500, executed by Charles H. Miller, and by Henry H. Miller as surety. Klopp obtained judgment on this bond, against Charles H. and Henry H. Miller, March 23rd 1872, the lien of which expired March 23rd 1877, and it was revived June 1st 1877, with notice to Elvira L. Miller, terre-tenant. Henry H. Miller the surety paid this judgment and had it marked to his use.

Haak's judgment, obtained April 6th 1871, was revived against the defendant, Charles H. Miller, March 9th 1876, but without notice to Mrs. Elvira L. Miller, terre-tenant.

Under an execution issued on the Klopp judgment to use of Henry H. Miller, the said real estate of Charles H. Miller was sold at sheriff's sale, June 14th 1879, to the said Henry H. Miller for $2,800. This fund (after payment of costs and of a judgment of $258.75 to the Reading Savings Bank admitted to be a first lien) was insufficient to pay all the liens of record.

Haak claimed payment of his judgment out of the fund, on the ground that on the expiration of the Klopp judgment on March 23rd 1877, his (Haak's) revived judgment attached as a new lien upon whatever interest the debtor then had, viz., the interest which was sold at the sheriff's sale and which produced the fund for distribution.

The auditor reported that Haak's judgment having been entered prior to the voluntary conveyance by the defendant, Charles H. Miller, to his wife, that conveyance was necessarily subject to its lien, and no fraudulent intent by the parties could render such conveyance fraudulent or invalid as to the Haak judgment, and therefore, that as to said judgment the conveyance to Elvira L. Miller was valid. That where a debtor makes a fraudulent conveyance, and his interest is afterwards sold at sheriff's sale under a judgment recovered subsequently to the conveyance, the sale vests in the purchaser the right of the creditor to attack the conveyance for fraud, and only liens attaching to the grantors interest after the conveyance are payable out of the fund arising from such sheriff's sale; liens against the grantor's interest prior to the conveyance are not divested by the sale : Dungan's Appeal, 7 W. N. C. 252; Byrod's Appeal, 7 Casey 242; Hoffman's Appeal, 8 Wr. 95; Jacoby's Appeal, 17 P. F. S. 434.

The auditor therefore awarded the balance of the fund, after

payment of the Reading Savings bank judgment, and costs, to the judgment of Klopp to use of Henry H. Miller.

Exceptions filed to this report by Haak, on the ground that the auditor should have awarded payment of his judgment out of the fund in preference to the Klopp judgment, were dismissed by the court, SASSAMAN, J., filing the following opinion: "After the auditor found the fact that the conveyance from Charles H. Miller, through another, to his wife was a fraudulent conveyance, there could not be much trouble to ascertain who were entitled in distribution among creditors, who obtained judgments after the said conveyance, out of the funds realized upon a sale of all the right, title and interest of Charles H. Miller, who had made said fraudulent conveyance. The cases cited by the auditor in his report are the ones which declare the settled law in all matters of this kind in the state of Pennsylvania. All the exceptions are dismissed and the auditor's report is confirmed absolutely."

Michael Haak thereupon took this appeal, assigning for error the dismissing of his exceptions, and the decree confirming the auditor's distribution.

*A. G. Green* (*Jacob S. Livingood* and *E. H. Shearer* with him), for the appellant.—When the lien of the Klopp judgment expired, Haak's judgment, which had been revived after the fraudulent conveyance, and was then in full force attached as a new judgment and bound the interest which the defendant had attempted to convey by the fraudulent conveyance, but which in law remained in him, and the sale of which produced the fund. To hold that a judgment of revival against the original debtor, with or without notice to a terre-tenant under a fraudulent conveyance, shall not bind the interest the debtor still retains, is an anomaly: Hoffman's Appeal, 8 Wr. 95; Jacoby's Appeal, 17 P. F. S. 434; Beekman's Appeal, 2 Wr. 385.

*Richmond L. Jones*, for the appellee, presented no paper book. He moved to quash the appeal on the ground that it was not taken in time; and argued that as the conveyance by Charles H. Miller was not in fraud of the Haak judgment which was a prior lien, Haak could not participate in the distribution of a fund to which only defrauded creditors were entitled.

Mr. Justice TRUNKEY delivered the opinion of the court, April 17th 1882.

By divers conveyances, delivered and recorded on April 6th 1871, for a nominal consideration, the real estate of Charles H. Miller was vested in his wife, Elvira L. Miller. Haak's

judgment was a lien at and before the time of the delivery of the deeds. Miller was then indebted to Klopp, who obtained judgment on March 23d 1872, which was not revived until June 1st. 1877. On the 9th of March, 1876, Haak's judgment was revived. The land was sold by virtue of an execution issued upon Klopp's judgment and the court, confirming the auditor's report, ruled that Haak's judgment was not entitled to share in the distribution. This ruling is assigned as error.

The statute of 13 Eliz., relating to fraudulent conveyances, provides that any conveyance of land, made to the end, purpose and intent to delay, hinder or defraud creditors, shall be deemed and taken to be clearly and utterly void, only as against such person or persons, his or their representatives, heirs or assigns whose actions, debts or damages, by such conveyance, shall or might be, in any way, disturbed, hindered, delayed or defeated. As between the parties, and as respects everybody not included among those intended to be defrauded, the deed is valid. A subsequent creditor can only avail himself of the fraud which was practiced against him. Unless there is evidence that the grantor intended to withdraw his property from the reach of his future creditors, his voluntary conveyance is not void as to such creditors, although at the time of its execution he owed debts, the collection of which might be delayed, hindered or prevented by the deed: Harlan *v.* Maglaughlin, 9 Nor. 293. And the deed is not fraudulent as to a creditor whose debt was secured by judgment or other lien on the land. Necessarily, the grantee takes subject to the lien, and the creditor may pursue the land just as if it had been conveyed to one who purchased in good faith for a full consideration. The prior lien creditor may follow the land, irrespective of changes in the title, whether honest or dishonest. A judicial sale on his lien vests in the purchaser the title which the debtor had when the lien attached, and divests that of the debtor's grantee. But when the judgment is obtained after the conveyance, if such conveyance was in good faith for full consideration, the creditor has no remedy against the land ; if fraudulent as to the creditor, he may sell the grantee's title, which sale will not discharge the prior liens, nor will the proceeds be applied to their payment : Byrod's Appeal, 31 Pa. St. 241; Fisher's Appeal, 33 Id. 294; Hoffman's Appeal, 44 Id. 95 ; Dungan's Appeal, 88 Id. 414.

Nothing has stood in Haak's way to hinder the collection of his judgment out of the land. If he neglected to notify the terre-tenant when he revived his judgment, that fact works no change in his relation to creditors whose debts were not liens ; nor does it make a deed fraudulent as to himself, which was valid before his neglect. When it was revived Miller had no title. The title vested in Elvira L. Miller is void only as respects the cred-

[Fisher v. Connard.]

itors of Miller who had no lien, and the fund was raised by sale of that title at the suit of such creditors. Liens prior to the inception of her title are not discharged, and if the holder of such a lien suffered it to die he cannot participate in the distribution of this fund.

Haak was the legal plantiff in the judgment and upon his petition as "agent of Esther Kinett," disputing the right of the purchaser to the purchaser money, the auditor was appointed. At the beginning of this contention he appeared as agent of the equitable plaintiff and will be deemed as having so acted in taking the appeal. We treat the record precisely as if the un- authorized amendment had not been made, and, taking it as it was when certified, the motion to quash the appeal must be denied.

Decree affirmed, and appeal dissmissed at the costs of appellant.