## Baumgardner v. Baumgardner.

*Judgment—Failure to revive—Fraudulent conveyance.*

1. Where the lien of a judgment has been lost by failure to revive it, and thereafter the defendant conveys her real estate, the plaintiff may issue a *scire facias* to revive, with notice to the defendant's grantees as terre-tenants, and on the trial thereof, the question of fraud in the conveyance is for the jury.

2. If, in such case, there is a verdict and judgment for plaintiff, the judgment against the grantees should be *de terris* only.

Motion for judgment *non obstante veredicto*. C. P. Centre Co., Feb. T., 1919, No. 66.

*W. D. Zerby* (with him *Ellis L. Orvis*), for plaintiff.

*J. K. Johnston* and *S. D. Gettig* (with them *John J. Bower*), for defendants.

KELLER, P. J.—This case was tried before the Honorable Miles I. Potter, President Judge of the 17th judicial district, specially presiding here, Sept. 28 and 29, 1925. Its origin was a *scire facias* issued Feb. 5, 1919, to No. 66, February Term, 1919, Court of Common Pleas of Centre County, for the purpose of reviving a judgment for $119, with interest thereon from April 3,

1899, in favor of Margaret Ellen Baumgardner, this plaintiff, and against her mother, Catharine Baumgardner, now deceased, which last-mentioned judgment was entered Sept. 4, 1900, by confession upon judgment note, to No. 24, November Term, 1900. No steps were taken by the plaintiff to continue the lien of or revive said last-mentioned judgment until about the time of the issuance of this *scire facias*, a period of more than eighteen years.

From the evidence offered in the cause, .it appears that Catharine Baumgardner, the original defendant, in 1897 bought the property which she afterwards conveyed to certain of her children, who are the terre-tenants mentioned in this *scire facias;* that some years after its purchase by Catharine Baumgardner, said property, which was located in Pleasant Gap, this county, was destroyed by fire; that the house was rebuilt by said Catharine Baumgardner out of the proceeds of a fire insurance policy thereon, in addition to certain moneys borrowed by her, first from her son, John S. Baumgardner, and afterwards from her son, W. A. Baumgardner; this last-mentioned loan was secured by a judgment note for $365, dated April 1, 1909, and was later assigned to this plaintiff, Margaret Ellen Baumgardner, who entered the same as a judgment against her mother, Catharine Baumgardner, July 11, 1917, to No. 61, September Term, 1917.

On Jan. 20, 1919, Orvis & Zerby, as attorneys for this plaintiff, wrote Mrs. Catharine Baumgardner a letter, beginning as follows: "Your daughter has requested that we secure a revival of one of her judgments against you." The balance of the letter pointed out the advisability of an amicable revival rather than one by adverse process. There was no definite or specific reference as to which judgment was meant, although at this time the plaintiff held two judgments against her mother, viz., No. 24, November Term, 1900, for $119, and No. 61, September Term, 1917, for $365, but it seemed to be assumed or taken for granted at the trial of the case that this letter referred to judgment No. 24, November Term, 1900. However, the result was that Catharine Baumgardner, on Feb. 4, 1919, conveyed her said property to four of her children, viz., George L. Baumgardner, John S. Baumgardner, C. C. Baumgardner and Alice Herman, defendants, as terre-tenants in this case, for a consideration of $580.83, which said deed was recorded in the Recorder's Office of Centre County, Feb. 5, 1919, in Deed Book No. 122, page 349, and on the same day, Feb. 5, 1919, judgment No. 61, September Term, 1917, held by the plaintiff, Margaret Ellen Baumgardner, against Catharine Baumgardner, was duly satisfied of record. On this latter date, Margaret Ellen Baumgardner caused a *scire facias* to be issued against the said Catharine Baumgardner to No. 66, February Term, 1919, to revive her other judgment No. 24, November Term, 1900, against her. On May 19, 1919, this writ was returned "unexecuted by order of plaintiff's attorney," by the sheriff, and on July 16, 1919, an *alias* writ of *scire facias* to revive said judgment was issued to the same number and term against Catharine Baumgardner, with notice to George L. Baumgardner, John S. Baumgardner, C. C. Baumgardner and Alice Herman, terre-tenants, which was duly served by the sheriff upon all the above-named parties, who also appeared by counsel, and constitutes the present issues.

Shortly after the present *scire facias* was issued, the said Catharine Baumgardner presented her petition to this court, alleging that she had never executed the note upon which judgment was entered against her to No. 24, November Term, 1900, and asking for a rule on Margaret Ellen Baumgardner, this plaintiff, to show cause why said judgment should not be opened and she let into a defence. Upon the rule then granted testimony was taken, but on

Jan. 9, 1923, said rule was discharged by Judge Quigley, then President Judge of this court. Catharine Baumgardner died intestate March 17, 1921, and letters of administration upon her estate were later issued to one of her sons, C. Collins Baumgardner.

At the trial of said *alias scire facias*, the plaintiff offered testimony tending to prove, if believed by the jury, that the value of the property conveyed by Catharine Baumgardner to her children, George L. Baumgardner, John S. Baumgardner (now deceased), C. C. Baumgardner and Alice Herman, the terre-tenants named in said *alias scire facias*, was considerably greater than the consideration she received therefor; that even after said conveyance the said Catharine Baumgardner received the rental thereof, and that said conveyance was made very shortly after her receipt of the letter from the plaintiff's attorneys relative to the revival of the latter's judgment against her; all for the purpose of showing that the conveyance of Feb. 4, 1919, by Catharine Baumgardner to her children above mentioned was made to the end, purpose and intent of hindering and defrauding this plaintiff, a creditor, from collecting her judgment No. 24, November Term, 1900, against the said Catharine Baumgardner, and, therefore, fraudulent and void as to her under the Statute of 13th Elizabeth, relating to fraudulent conveyances. The defendants, after having moved for binding instructions, which were refused, offered no testimony, but relied upon the fact that at the time of the conveyance by Catharine Baumgardner to them, the lien of the plaintiff's judgment had expired and the legal effect thereof.

Judge Potter submitted the entire matter to the jury, and especially the question as to whether or not Catharine Baumgardner (now deceased) had fraudulently conveyed her property to these terre-tenants for the purpose of avoiding the payment of the judgment for $119, with interest, which this plaintiff held against her, and with the intent of hindering and defrauding her from the collection thereof, in a very fair and impartial charge, with no indication of his own personal impressions relative thereto. On Sept. 29, 1925, the jury rendered a verdict in favor of the plaintiff and against all the defendants for $119 (the original judgment), with interest from April 3, 1899, $189.21, or a total of $308.21.

There is no doubt but that the lien of the plaintiff's original judgment against Catharine Baumgardner had expired at the time of the latter's conveyance to these terre-tenants; nor did the mere issuance of the *scire facias* in question on Feb. 5, 1919, revive the lien of said judgment, as it would have done had the lien thereof been still in force at that time: Shaeffer *v.* Child, 7 Watts, 84. However, had the lien of plaintiff's judgment been in force Feb. 4, 1919, at the time of the conveyance to the terre-tenants, there would have been no fraud practiced against her, even had the same been made without any consideration, as she would have had a full and complete remedy against them, had she seen proper to invoke it, by reviving her judgment against them: Haak's Appeal, 100 Pa. 59.

It is the very fact that the plaintiff's judgment *v.* Catharine Baumgardner was not a lien at the time the latter conveyed to these terre-tenants, that gave to the plaintiff the right to invoke in her behalf the Statute of 13th Elizabeth, relating to fraudulent conveyances: Haak's Appeal, 100 Pa. 59, *supra*. And the Superior Court, in Patrick *v.* Bingaman, 2 Pa. Superior Ct. 113, citing Chief Justice Kent in Sands *v.* Codwise, 4 Johns, 536 (N. Y.), says: "A fraudulent conveyance is no conveyance as against the *interest intended to be defrauded;* it is the same as if no such deed had been executed. This is the plain language and intelligible sense of the rule of the common law."

Baumgardner v. Baumgardner.

According to our view of the law, and in the light of the decisions of our appellate courts, we believe that the matter of fraud was a question of fact for the jury, and that Judge Potter properly and impartially submitted the case to their consideration. Whether the court would have arrived at the same decision as the jury did is not the issue. In our opinion, there was sufficient evidence offered and testimony adduced, if believed, to fairly justify and warrant their verdict, and the same should stand. However, as to the terre-tenants, the judgment against them should be de terris only.

And now, to wit, July 26, 1926, the defendant's motion for judgment non obstante veredicto is hereby overruled, and, upon payment of the jury fee, judgment is directed to be entered upon the verdict in favor of the plaintiff, against C. C. Baumgardner, administrator of Catharine Baumgardner, deceased, generally, and against the other defendants, terre-tenants, de terris, to which ruling and decree an exception is noted for the defendants and a bill sealed.