## WILLIAM JOSLYN *vs.* BENJAMIN WYMAN.

Although a mortgage cannot, by an oral agreement, be continued in force as security for a new indebtedness, not embraced within the terms of its condition, yet, if such an agreement has been made, and money has been advanced in consequence thereof by the mort- gagee to the mortgagor, a court of equity will not aid the latter, or one who has taken a conveyance from him with knowledge of the facts, in obaining a release or discharge of the mortgage from the mortgagee.

BILL IN EQUITY by the owner of the equity of redemption of a piece of land, against a mortgagee thereof, seeking to obtain an order that the latter should discharge the mortgage upon the record, or execute to him a release of his interest in the land. At the hearing in this court, upon facts which are stated in the opinion, judgment was rendered for the plaintiff, and the defend- ant appealed to the whole court.

*N. Wood*, for the defendant.

*D. Foster & T. L. Nelson*, for the plaintiff.

DEWEY, J. The courts regard the interests of mortgagees with great liberality, for the purpose of effectually securing to them the performance of the contract which the mortgage was originally designed to secure ; and they allow no change of the form of the indebtedness to discharge the mortgage, where there has been no actual payment or release. Many cases illustrative

of this are stated in the books, and will be found collected in 1 Washburn on Real Prop. 560.

Such cases are based upon the fact that at no period of time has there been an actual extinguishment of the indebtedness secured by the mortgage. But it seems equally clear that after an actual payment of the debt, the mortgage cannot be revived by an oral agreement to keep it in force to secure a distinct and independent debt. The recent case of *Merrill* v. *Chase*, 3 Allen, 339, is to that effect. The question of the fact of payment is always open, and it is also a good answer to show that the giving up of the notes secured thereby, or a formal discharge of the mortgage, was obtained by fraudulent means, as was held in *Barnes* v. *Camack*, 1 Barb. 392, and *Grimes* v. *Kimball*, 3 Allen, 518.

Upon recurring to the facts reported in the present case, we find that the original notes secured by this mortgage have been paid and delivered up to the mortgagor, but at a subsequent time, for a new consideration, viz : the loan of a certain sum of money by the mortgagee to the mortgagor, the mortgage not having been cancelled, or any release thereof executed, the mortgagor orally agreed with the mortgagee that the mortgage should be continued in force as security for such new advance of money, and that new notes should be written, corresponding with the·former notes described in the mortgage, with indorsements thereon to reduce the amount to the sum actually lent.

These new notes were not a continuation of the old indebtedness. This being confessedly so, they cannot by force of an oral agreement be legally attached to the previous mortgage.

This view of the case would be decisive against the defendant, in case any question of title had arisen between him and a subsequent mortgagee, or attaching creditor, or *bona fide* purchaser. Such also would be the case, if the question arose upon an action at law, by the mortgagee against the mortgagor, to foreclose the mortgage.

But the plaintiff has sought the aid of this court through a bill in equity, and to such a bill, when it is sought to compel the performance of any act or discharge of any written obligation,

it is always open to the defendant to show that in equity and good conscience the party cannot demand the performance of what he seeks. This is very familiar in its application to the class of cases in equity, known as bills for specific performance. In such case, it is not enough that the party establishes a legal right at law to enforce his contract. But the defendant may set up in defence any facts tending to show that compelling a performance would be doing great injustice to him, and especially he may show that the written contract sought to be enforced either does not contain the entire agreement, as intended to be made, or that its enforcement will be in violation of good faith. For this purpose, he may introduce evidence of an oral agreement connected with the written one, but modifying it and substantially varying its terms, and if such oral agreement is not adopted by the plaintiff as the agreement to be enforced, the court refuses to sustain his bill. By way of applying these principles to the present case, it is said that it would be inequitable for the court to sustain this bill, and order the mortgagee to give a release, inasmuch as the mortgagor for a valuable consideration orally agreed that it should not be thus discharged, but should remain as security for other debts ; that his bill is in direct violation of his oral agreement, and that this court sitting as a court of equity is not to aid him in avoiding his contract, by a decree requiring the mortgagee to execute a release ; that if the plaintiff puts himself upon his strict legal rights, he must avail himself of them through the agency of courts of law; that coming to a court of equity, he must be subject to the maxim, " he that seeks equity, must do equity," and he can obtain here only such a decree as will give effect to the actual agreement made by the parties, though not fully reduced to writing in a legal form. The court, adopting these views of the case, are of opinion that the bill should be dismissed, and the plaintiff be left to avail himself of any rights he has at law, without the aid of this court, in furnishing him facilities to enforce them.

We have treated this bill thus far as if instituted by the original mortgagor, asking this court to require the defendant to execute a quitclaim and release of the mortgage to him. It is

in fact, however, a bill brought by a party to whom the mortgagor has by his deed of quitclaim purported to convey all his interest in this estate. But it is shown by the facts that this latter conveyance was made after the oral contract by the mortgagor that this mortgage should be continued in force as security for the new indebtedness, and the new notes substituted for the old ones, and with full knowledge on the part of the present plaintiff of this agreement, and all the facts appertaining thereto. Under the circumstances, he has no stronger or better claim to the aid of this court than the original mortgagor, and the result must be the same as if the bill were brought by such mortgagor.

*Bill dismissed with costs.*