### JULIA STONE *vs.* CHARLES LANE.

If after the breach of the condition of a mortgage of land further advancements are made by the mortgagee to the mortgagor, under an oral agreement that the mortgage shall stand as security for them, a court of equity will not aid the mortgagor, or one who has no higher equity than the mortgagor, to redeem without allowing for such advancements.

If the assignees in insolvency of a mortgagor, by his request, and without objection from his creditors, convey to his wife an equity of redemption, without consideration and with notice, she, in seeking to redeem, will be subject to the same equities as he would have been.

HOAR, J.    The plaintiff invokes the aid of a court of equity for the redemption of a mortgage.    It is a familiar rule that he who seeks equity must do equity; and a court of equity will not assist any person to deprive the mortgagee of any security which he would have against the mortgagor, unless the equitable right of such person is distinct from and superior to that of the mortgagor.    2 Story on Eq. § 1023, *n.* 3.

This mortgage was made to secure the defendant for one half of the capital of $10,000 which he had agreed to advance for the use of the firm of Stone & Eldredge.    That specific sum was never advanced by him.    But it clearly appears by the report of the master that various advances were made, from time to time, which were regarded by the parties as made in performance of that agreement; the result of which was that, when Stone & Eldredge went into insolvency, one half of the joint indebtment of the firm to the defendant, secured by this note and mortgage for $1500, amounted to $2718.52, for which he held as addi tional security gas stock of the present value of about $2000.

It was afterward orally agreed between the mortgagor Stone and the defendant, that the latter should buy up the claims of the creditors of the firm, and in consideration thereof should hold whatever should remain of the securities previously received by him after satisfying his existing claims thereon, for the purpose of indemnifying him for one half of the money he should expend in the purchase. He proceeded to buy up the claims accordingly, and, if the oral agreement is valid against this plaintiff, it will require the whole amount of the mortgage to indemnify him.

If, after such an agreement, and the performance of it, the mortgagor were seeking the aid of a court of equity to deprive the defendant of his security, its aid would certainly be refused. The recent case of *Joslyn* v. *Wyman,* 5 Allen, 62, is exactly in point, and contains a full statement of the reasons why equity, under such circumstances, would decline to interfere on behalf of the mortgagor, or any one claiming under him with notice, to aid in avoiding the contract.

It only remains, then, to see whether the plaintiff has any different or higher equity than that of the mortgagor. She derives her title directly from the assignees in insolvency of her husband. She is not a purchaser for a valuable consideration, but received the conveyance by her husband's procurement, neither of them paying anything therefor. Equity must regard the transaction as the same in substance as if the assignees had conveyed the equity of redemption directly to the husband. They were mere trustees; first, for the creditors; and next, if anything remained after satisfying the creditors, for the debtor. They have conveyed the estate by the debtor's appointment, and it does not appear that any creditor objects, or makes any adverse claim. The plaintiff, therefore, stands in no better position than her husband; and it would be wholly inequitable to allow her to redeem in violation of his contract. But the plaintiff has offered to pay whatever may be found due on the mortgage; and her bill may therefore be maintained as a bill to redeem.

The decree will therefore be entered that the plaintiff may

redeem by paying the amount of the defendant's mortgage and interest, with costs ; in default of which her right of redemption will be foreclosed.

*D. H. Mason & F. W. Hurd,* for the plaintiff.

*I. Story,* for the defendant.