## Mitchell *versus* Coombs et al.

C. executed a mortgage to a bank to secure the payment of a bond.·The bond was paid by C., but the bank instead of satisfying the mortgage retained it as security for further discounts : *Held*, that as to judgment-creditors the mortgage was satisfied, and no arrangement not apparent on its face would avail to continue its lien.

November 23d 1880.　Before MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ.　SHARSWOOD, C. J., and GREEN, J., absent.

Error to the Court of Common Pleas, of *Crawford county* : Of October and November Term 1880, No. 105.

Scire facias sur mortgage issued by D. H. Mitchell, president, in trust for the Producers' and Manufacturers' Bank against Nelson Coombs and E. A. L. Roberts and W. B. Roberts, partners as Roberts & Co., terre-tenants.

On the 30th of June 1869, Nelson Coombs, the defendant, executed a judgment bond and the mortgage upon which the scire facias issued in this case, to F. W. Ames, president, in trust for the Titusville Savings Bank.　This bond and mortgage were given for the sum of $1000, payable in two months from the 29th of June 1869, and the mortgage was recorded on the 5th of July 1869, and became the first lien on the property therein mentioned.

On the 10th of February 1871, Coombs being still indebted to the Savings Bank, and the bank not willing to wait longer on him,

[Mitchell v. Coombs.]

an arrangement was made between the plaintiff representing the Producers' and Manufacturers' Bank, and C. C. Duffield, cashier, who represented the Titusville Savings Bank, the mortgagee, by which the plaintiff advanced the money to pay the Savings Bank and took an assignment of the bond and mortgage. The plaintiff was induced to do this through the representations of the defendant that it was a first lien, and that there was no defence or set-off against it. And the defendant, Coombs, was instrumental in having this arrangement made so that he could have further indulgence.

The terre-tenants, W. B. & E. A. L. Roberts doing business as Roberts & Co., took a mortgage from the defendant, Coombs, dated June 13th 1871. This mortgage covered the land included in plaintiff's mortgage and was recorded June 19th 1871.

The assignment to plaintiff of the mortgage of Coombs to the Savings Bank was not recorded until October 17th 1873. And upon the same day this scire facias on the mortgage in the name of the plaintiff was issued.

Under the mortgage to Roberts & Co. there was a foreclosure and sale on a levari facias at August Term 1874, and the property bid in by E. A. L. & W. B. Roberts, and deeds were acknowledged and delivered to them.

On the 30th of June 1879, while this suit was still pending, E. A. L. & W. B. Roberts presented their petition to the court setting forth the above facts in relation to the execution of their mortgage, and the sheriff's sale thereunder, and alleged that the defendant, Nelson Coombs, had paid the plaintiff the amount due on said mortgage and asked leave to be made defendants, which was granted.

At the trial before McDermitt, P. J. (of the Thirty-fifth Judicial District), the plaintiff presented the following points, to which are appended the answers of the court.

2. The record of the mortgage was notice to the world of its existence as a lien, and the assignment thereof having been recorded October 17th 1873, was notice to the terre-tenants who purchased at sheriff's sale in August 1874 of its continuance in the hands of plaintiff, and the purchase by them would be subject to the lien of this mortgage.

Ans. " The purchaser at the sheriff's sale took a good title provided the sale was made on a lien prior to the recording of the assignment of the mortgage to the plaintiff. Thus explained the point is refused."

3. No notice of any alleged payment of the mortgage having been given at the time of the sheriff's sale, the Messrs. Roberts are presumed to have purchased the property for a sum less by the amount of the mortgage than they otherwise would have paid.

Ans. "It is wholly immaterial whether the defendants, Roberts,

[Mitchell *v.* Coombs.]

purchased the land for $1000 less than they would have paid had it not been for the mortgage. The point is refused."

4. The terre-tenants (Roberts) by their purchase at sheriff's sale acquired no greater right than Coombs, the mortgagor, had to the land embraced in the mortgage at the time their lien attached.

Ans. " As explained in the general charge, this point is answered in the negative."

The following were among the points of the defendant with the answers of the court thereto :

1. That the bond and mortgage in question were for the payment of $1000 on the 29th of August 1869, absolutely and without any stipulation that the same was security for future discounts, and if the jury believe that the mortgage was paid by Coombs to the mortgagee in October 1869, the lien of the mortgage is discharged, especially as to subsequent purchasers at sheriff's sale of the premises in question, and the verdict should be for defendants.

Ans. " Affirmed."

2. That under the evidence in this case, Mitchell, president, did not purchase the mortgage from the Titusville Savings Bank, nor pay this bank anything for the assignment thereof, and it is not to be treated as a bona fide purchaser of the same, and the same should not prejudice bona fide purchasers of the premises at judicial sale.

Ans. " The law is correctly stated in this point, but the facts assumed in it you must find from the evidence."

3. That if the jury believe from the evidence the negotiation whereby an assignment of the mortgage in suit was taken as collateral, for the payment of the note was entirely between Coombs and Mitchell, it can have no greater effect than the creation of a parol mortgage and will not make a valid lien against the premises in hands of defendants, Roberts, purchasers of the premises at judicial sale without notice.

Ans. " So far as the defendants, Roberts, are concerned this point is affirmed, but refused as to Coombs."

4. That the alleged assignment of the mortgage in question was not recorded until October 17th 1873, and that the lien of the mortgage upon same premises, dated June 13th 1871, of Coombs to Roberts, and the judgments of Guthrie against Coombs entered January 18th 1870 and January 16th 1871, under which Roberts became the owners of the premises in question, were liens long prior to the recording of this assignment, and therefore defendants, Roberts, held the premises discharged of any lien of the alleged mortgage.

Ans. " If the facts are as assumed in this point it is affirmed."

In the general charge the court, inter alia, said : " According to the evidence of the defendant, Coombs, and of D. H. Mitchell, the plaintiff in trust, this mortgage was on the 10th of February 1871,

[Mitchell v. Coombs.]

assigned by Coombs to the plaintiff as security for a loan of $1000. * * * If this case was between the defendant, Coombs, alone, and the plaintiff, the mortgage would, under the evidence, be valid; but when the rights of subsequent lien-creditors or purchasers at a judicial sale are involved and become so prior to the recording of the assignment to the plaintiff, the law as to them is different. * * * If you are reasonably satisfied, from the evidence, that Coombs paid this mortgage in full to the mortgagee prior to the assignment to the plaintiff, your verdict must be in favor of the defendants, Roberts, terre-tenants."

The jury found for the plaintiff against Nelson Coombs in the sum of $1347, but judgment not to be a lien on the land described in the mortgage.

After judgment thereon Mitchell took this writ and alleged that the court erred in the answers to the above points and in the foregoing portions of the general charge.

*Neill & Heywang* and *Guthrie & Byles*, for plaintiff in error.— The assignee of a mortgage is not bound to record his assignment, and the plaintiff was not bound to record his assignment as against Guthrie or Roberts : Mott *v.* Clark, 9 Barr 399 ; Craft *v.* Webster, 4 Rawle 242 ; Goff *v.* Denny, 2 Phila. 275 ; Pepper's Appeal, 27 P. F. Smith 377 ; Johnson *v.* McCurdy, 2 Norris 282.   Even if Coombs paid the mortgage to the Savings Bank in October 1869, and still allowed it to remain as a continuing security for future advances which the bank by a binding agreement was obliged to make to him, and did make on the strength of the mortgage as security ; and if while it remained as a security the Savings Bank assigned it to plaintiff, and plaintiff purchased upon the representation of Coombs, that it was a valid mortgage and a first lien, a subsequent purchaser, whether at judicial sale or otherwise, was bound to inquire concerning that mortgage whether the assignment of it to the plaintiff was recorded or not, and the court under the facts in this case should have qualified the affirmance of the defendant's point.

The rule that a mortgage becomes extinct on payment and cannot be resuscitated by the parties, meets with an exception where the mortgage is assigned to a third person, who gives value on the faith of a statement by the mortgagor, that the full amount is due, and that there is no offset : 1 White & Tudor's Lead. Cas. Eq. 876. Coombs is estopped : Scott *v.* Sadler, 2 P. F. Smith 211.   This does not rest however alone upon the doctrine of estoppel but also upon our recording act.   While in this state a mortgage is but a security, yet it has all the effect of a conveyance of the legal title, and an assignee of a mortgage for value is entitled to the protection of that act.   This subject is fully considered by ROGERS, J., in Mott *v.* Clark, *supra.*   See also, Bassett *v.* Nosworthy, 2 White

15 NORRIS—28

& Tudor's Lead. Cas. in Eq. 58 *et seq.* We contend, therefore, that the plaintiff was a bona fide holder for value of the mortgage without notice.

*J. Douglass* and *C. W. Tyler*, for defendants in error.—The bond and mortgage given by Coombs to the Titusville Savings Bank being conditioned for the payment of a specific sum at a given time, its payment discharged the lien of the mortgage, and the parol arrangement by which it was agreed that the mortgage should remain unsatisfied and in full force as collateral security for future loans, was void as against creditors: Irvin *v.* Tabb, 17 S. & R. 419. This agreement between Coombs and the Titusville Savings Bank was in parol and would constitute, if valid, an oral mortgage. It is settled that no such security exists in Pennsylvania: Bowers *v.* Oyster, 3 P. & W. 239; Mode's Appeal, 6 W. & S. 280; Kinley *v.* Hill, 4 Id. 226. Admitting that the parol agreement between Coombs and Duffield, representing the Titusville Savings Bank, was valid, and that the mortgage remained a security for the loans which were made from time to time, the lien would begin upon the date of the actual advancement. This would be true even if the expressed condition of the mortgage had been to secure future advances: Appeal of the Bank of Commerce, 8 Wright 423; Ter Hoven *v.* Kerns, 2 Barr 96; Bank of Montgomery County's Appeal, 12 Casey 170; Parker *v.* Jacoby, 3 Grant 300; Parmentier *v.* Gillespie, 9 Barr 86; Mullison's Estate, 18 P. F. Smith 212; Stevenson's Appeal, Id. 212.

Mr. Justice GORDON delivered the opinion of the court, January 3d 1881.

The mortgage in suit was executed by Nelson Coombs, June 30th 1869, to F. Ames, president, in trust for the Titusville Savings Bank, and was intended to secure, not future advancements, but a bond of $1000, which Coombs at that time owed the bank. Shortly after this bond became due, it was, as the jury have found, fully paid. The bank, however, instead of satisfying the mort-gage, retained it as security for future discounts.

As to Coombs, his acquiescence in this arrangement would, no doubt, estop him from setting up the payment of the bond to defeat the mortgage, but as to his judgment creditors, the transaction was of no legal force. As to them the mortgage was satisfied, and no arrangement, not apparent on its face, would avail to continue its lien.

Chief Justice GIBSON, in Irwin *v.* Tabb, 17 S. & R. 423, says: "It must, perhaps, be conceded, that a mortgage to secure future advances, which does not contain notice of the agreement, is void against creditors generally." But the argument used to support this doctrine, will apply *a fortiori* to a mortgage which, though

[Mitchell *v.* Coombs.]

paid in full, is retained as security by the mortgagee under a secret agreement for future discounts—discounts not contemplated by the parties when the mortgage was executed. In the case, as stated by the chief justice, creditors would at least be notified that there was an intention to secure some future indebtedness though of an indefinite character, but in the case before us there is notice of nothing but of the intention of the parties to secure a present indebtedness of $1000. It is true, as in Gault *v.* McGrath, 8 Casey 392, a mortgage with its bonds may be executed as security for notes and their subsequent renewals; or as in the Bank of Commerce, 8 Wright 423, they may serve as collaterals for paper to be thereafter discounted, but for whatever purpose they may be given, they extend not beyond the amount specified in them, and when that amount is paid, they are, as to creditors, no longer operative.

And thus it was held, in Anderson *v.* Neff, 11 S. & R. 223, and in Craft *v.* Webster, 4 Rawle 255, that a mortgage is but a security for a debt, and when that is paid or extinguished, it can never be resuscitated.

What then had the. Titusville Savings Bank, on the 10th of February 1871, to assign to the Producers' and Manufacturers' Bank, but a satisfied mortgage, good neither as a security nor as a conveyance?

And let us suppose that this assignment, made, as it was, with Coombs's consent, not only estopped him, but, as to creditors, amounted to a novation of the mortgage, yet, as to them, it could be nothing more than a novation, and, in order to give it effect, they must have notice.

But, before this assignment was executed, the Guthrie judgments were upon the dockets, and before it was recorded, the Roberts mortgage was entered. It thus follows, that the mortgage in suit cannot, under any view of the facts, occupy the status of a first lien, and it also follows that the purchasers at the sheriff's sale took the property unencumbered by any such lien.

The verdict, under the charge of the court, warranted the entry of a judgment for the terre-tenants, E. A. L. and W. B. Roberts, and ought to have been so entered. It may yet be amended if it be thought necessary, though, as it stands, the effect is much the same, since the land is discharged of the lien.

                                        Judgment affirmed.