## Peirce *versus* Black.

It is competent for the parties to a judgment (where the rights of third
parties are not involved), by their parol agreement to change the pur-
poses for which the judgment may be held as security.    Thus, upon the
payment in full of a judgment debt, the parties may agree that the judg-
ment shall not be satisfied of record, but may remain as security for
another loan made or to be made by the holder of the judgment to the
defendant in the judgment.    No one but a lien creditor whose rights
would be affected can complain of such an agreement.    It would be
inequitable to permit the debtor to repudiate the agreement after his
judgment creditor had acted upon it at his request.

February 13, 1884.  Before MERCUR, C. J., GORDON, PAXSON,
TRUNKEY, STERRETT and GREEN, JJ.  CLARK, J., absent.

ERROR to the Court of Common Pleas of *Chester county* :
Of July Term, 1882, No. 265.

Feigned issue, to determine what amount, if anything, was
due upon a certain judgment entered by confession June 28,
1878, in favor of Joshua N. Peirce against Stephen C. Black,
on single bill and warrant of attorney, for $200.    The plaintiff
issued a fi. fa. on the judgment in March, 1882, and the court,
on motion of defendant, awarded this issue, in which said
Peirce was plaintiff, and said Black was defendant.

On the trial before FUTHEY, P. J., the plaintiff put in evi-
dence the record of the judgment and rested.

The defendant proved that at different times he had paid to the plaintiff, on account of the judgment, sums amounting to $222.70 which represented the full amount of the principal of the judgment with interest due thereon to the time of the final payment.

The plaintiff did not dispute the facts so proved by defendant, but in rebuttal made the following offer of evidence :

"The plaintiff proposes to prove by the witness (the plaintiff) that when the final payment was made on the original judgment, April 1, 1881, the defendant requested the plaintiff not to satisfy the judgment of record ; that the plaintiff gave up the certificate of judgment to the defendant, and at his request, did not enter satisfaction upon it, the defendant stating at the time that he would want to borrow some more money on that judgment, and that it would save expense if satisfaction were not entered.　That the plaintiff assented to this ; that the defendant took the certificate of judgment with him and held it until October 15, 1881, six months and a half thereafter, when he went to the plaintiff with it and said he needed some money, asking him to loan him $200, stating that he would give him the certificate, and that it should be secured by the judgment which was entered of record and which had not been satisfied. That the plaintiff gave him a check for the $200 and the defendant gave him the certificate.

"That subsequently, in December, 1881, the plaintiff sent for the defendant to come to his house, and said to him : 'I understand you have told Chauncey Darlington that you do not owe me anything on that judgment.'　That the defendant replied that he had so stated, and said : 'Did I not pay off that judgment ?'　'Yes,' said the plaintiff, 'you did pay it off, but you afterwards borrowed $200 more on it.　When you paid it off I gave you up the certificate, and when I loaned you the $200 you gave me back the certificate and agreed that it should be held with the judgment, of which it was evidence, as security for that loan.'　That the defendant denied this at first ; that the wife of the plaintiff spoke up and said to the defendant : 'Mr. Black, you know that you got that certificate at that time, because I saw you get it ; I was present in the room.' And that the defendant then admitted that he had got it originally, and had given it up again to Mr. Peirce as security for the $200 advanced by the check."

Objected to.　Objection sustained.　Exception.

The court instructed the jury that, it being conceded that the debt for which the judgment was originally given had been paid in full, the defendant was entitled to a verdict.

Verdict accordingly for the defendant and judgment thereon.

The plaintiff took this writ of error, assigning for error the exclusion of his offer of testimony as above.

*William M. Hayes*, for the plaintiff in error.—Payment of a judgment is not necessarily satisfaction of it, as between the immediate parties, where the rights of creditors do not intervene. It contravenes no principle or policy of law that a judgment shall be treated by the parties as security for a new loan. The question is ruled, in principle, by Mitchell *v.* Coombs, 15 Norris, 430 ; Shenk's Appeal, 9 Cas., 371.

*Alfred P. Reid*, for the defendant in error.—A judgment is a judicial act of the court determining that certain rights exist when it is rendered, to wit : that a debt is due, with incidents of lien, notice and execution. When those rights and incidents cease by payment of the judgment debt, the judgment is dead, satisfaction of record may be enforced, and in equity it is to be treated as satisfied. It is against the policy of the law that parties should traffic with the judgments of the court by a mere parol agreement that a paid judgment should remain *in nubibus* until the parties at a future time agree by parol that it shall again become operative as a judicial determination of rights which did not exist when it was rendered, and with a revival, by parol, of the incidents of lien notice and right to the execution process of the court. A judgment would thus be no lien one week and in full force the next ; there would be no certainty in the notice it gave, and the process of the court would be employed for purposes never contemplated. Even a mortgage, which is matter *in pais*, cannot, after payment, be made a security for a new debt ; to do so would make it an oral mortgage and a secret lien : Bowers *v.* Oyster, 3 P. & W., 240 ; Thomas's Appeal, 6 Cas., 378 ; Mode's Appeal, 6 W. & S., 284. Payment of a judgment is a discharge of the lien, which cannot be restored by any subsequent agreement of the parties : De La Vergne *v.* Evertson, 1 Paige Ch., 181 ; Bergen *v.* Boerum, 2 Caine, 256 ; Keller *v.* Leib, 1 P. & W., 223 ; Kuhn *v.* North, 10 S. & R., 399 ; Rudy's Appeal, 9 W. N. C., 308 ; Patterson *v.* Forny, 2 Barr, 456 ; Umberhauer *v.* Anlenbaugh, 8 Watts, 50 ; Baker *v.* McDowell, 3 W. & S., 359 ; Smith *v.* Pringle, 4 Out., 275 ; Troup *v.* Wood, 4 Johns., Ch., 228. In the last cited case Chancellor KENT says : " It is a sound and settled rule, that the penalty of a bond cannot be made to cover any other debt or demand than that specified in the condition. A judgment after it has been fully paid cannot be kept on foot to cover any new demands of the plaintiff. There could not be a more dangerous, and there is certainly not a more inadmissible pre-

[Peirce *v.* Black.]

tension than that the parties to a judgment may keep it on foot after the original debt has been paid, to meet and cover new and distinct engagements between them."

Mr. Justice PAXSON delivered the opinion of the court, March 10, 1884.

We are of opinion that the evidence rejected by the court below should have been admitted. The object of it was to show that at the time the defendant paid the judgment he requested the plaintiff not to satisfy it; that he wanted to borrow more money on it, and that it would save expense if satisfaction were not entered; that the plaintiff assented to this and handed the prothonotary's certificate of the entry of the judgment to the defendant, who kept it about six months, then returned it to the plaintiff, and obtained another loan of $200 from him upon the security of the same judgment.

It is undoubtedly true that as against subsequent lien creditors a mortgage or judgment once paid cannot be kept alive. Anderson *v.* Neff, 11 S. & R., 208; Craft *v.* Webster, 4 Rawle, 255. So where a mortgage is given to secure future advances, the agreement to advance must appear on the face of the instrument. Irwin *v.* Tabb, 17 S. & R., 418. No question as to subsequent creditors arises in this case. We have only to consider whether such an arrangement is good as between the parties.

We have no doubt that it is competent for the parties to a judgment, by their own agreement, to change the purposes for which it may be held. Thus in Shenk's Appeal, 9 Casey, 371, where a judgment had been confessed in favor of a firm to secure future advances, it may, on the withdrawal of one of its members, by agreement of the parties, remain a valid security in the hands of the remaining partners. And I am unable to see any reason why, in the case of an agreement between a judgment debtor and his creditor, that certain payments shall be applied to the judgment, the parties may not subsequently agree otherwise, and apply the payments to some other account. No one but a subsequent lien creditor can be heard to complain of this. It would be inequitable to allow the debtor to do so after his judgment creditor has acted upon it at his request. Thus in Mitchell *v.* Coombs, 15 Norris, 430, where it was attempted to hold a mortgage of $1000 as security for future discounts, after it had been paid by the mortgagor with an agreement or understanding on his part that it might be so held by the bank, this court held that it could not be done as against other creditors. At the same time it was said by Justice GORDON, at page 434: " As to Coombs, his acquiescence in this arrangement would, no doubt, estop

him from setting up the payment of the bond to defeat the mortgage, but as to his judgment creditors, the transaction was of no legal force." While this remark was used by way of illustration the force of it is obvious.

In the case in hand the defendant did not desire satisfaction of the judgment when it was paid. He intended to keep it alive for the purpose of obtaining a further loan, and in fact did obtain $200 from the plaintiff upon the security of the judgment. While this arrangement is of no legal force as to creditors it is good between the parties. It was a valid contract between parties capable of contracting, and we are clearly of opinion the defendant is estopped from alleging the contrary. The plaintiff has advanced his money upon the faith of it, and common honesty requires that the defendant shall be held to his agreement.

Mode's Appeal, 6 W. & S., 280, and a number of cases cited for the defendant, have no application. They were instances where an attempt had been made to keep a lien alive as against third parties. It is admitted this cannot be done. None of them decides that an agreement to keep a lien alive, may not be enforced between the parties when one of them has advanced his money upon the faith of such agreement.

Judgment reversed and a venire facias de novo awarded.