| 212 | 41 |
| d 32 SC ¹486 | |

## Girard Trust Company *v.* Baird, Appellant.

*Mortgage—Payment—Keeping mortgage alive—Future advances—Creditors—Notice.*

The parties to a mortgage, as between themselves may, by agreement, continue its lien notwithstanding payment in full has been made by the debtor; and after such payment, if future advances are made, even in excess of the original loan for which the mortgage was given, subsequent creditors with notice of the agreement are bound by it.

Notwithstanding the recording acts an unrecorded mortgage is good as against the mortgagor, or anyone claiming under him with notice.

Argued March 23, 1905. Appeal, No. 354, Jan. T., 1904, by defendant, from decree of C. P. No. 2, Phila Co., Sept. T., 1901, No. 3902, dismissing exceptions to adjudication in case of Girard Trust Company v. Montagu M. W. Baird, Appellant, and Kate Baird, Fidelity Trust Company and William H. Jenks. Before FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Bill in equity to determine priorities of lien.

Exceptions to adjudication.

The facts appear by the opinion of the Supreme Court.

*Errors assigned* were in dismissing exceptions to adjudication.

*Frank P. Prichard*, with him *J. W. Bayard* and *John G. Johnson*, for appellant.—The assignment of December 18, 1897, was at most a mere mortgage of Tobias' interest in the real estate: Kellum v. Smith, 33 Pa. 158 ; Harper's App., 64 Pa. 315 ; Fessler's App., 75 Pa. 483 ; Kinports v. Boynton, 120 Pa. 306.

The loan secured by this mortgage, having been paid off, the mortgage was extinguished, and cannot, as against creditors of the mortgagor, be revived : Thomas's App., 30 Pa. 378 ; Mitchell v. Coombs, 96 Pa. 430 ; Loverin v. Humboldt Safe Deposit & Trust Co., 113 Pa. 6 ; Meigs v. Bunting, 141 Pa. 233 ; Zimmerman v. Raup, 162 Pa. 112 ; Neale v. Dempster, 179 Pa. 569 ; Cook v. Berry, 193 Pa. 377.

If this mortgage had any validity as security for the loan of December 31, 1900, for $7,000 it was only valid to the extent of its face amount, namely, $2,500, and not the amount of that loan : Neff's Est., 185 Pa. 98 ; Appeal of The Bank of Commerce, 44 Pa. 423.

*A. H. Wintersteen*, with him *George Tucker Bispham*, for appellee.—The assignment of December 18, 1897, could, by agreement of the parties to it, be retained in the hands of Girard Trust Company as security for future loans, which would be enforceable against the debtor himself, and would also be available against all persons, including creditors, subsequently taking under Tobias with notice ; and the appellant is such creditor: Peirce v. Black, 105 Pa. 342 ; Mitchell v. Coombs, 96 Pa. 430 ; Loverin v. Humbolt Safe Deposit & Trust Co., 113 Pa. 6 ; Mullison Est., 68 Pa. 212 ; Rhines v. Baird, 41 Pa. 256 ; Churcher v. Guernsey, 39 Pa. 84 ; Twitchell v. McMurtrie, 77 Pa. 383.

The assignment of December 18, 1897, by agreement of the parties to it, was made to stand for the loan of $7,000, made December 31, 1900. The assignment was good for the full amount of the new loan, though in excess of the original loan. Being good against Tobias, it is good against the appellant, who has no greater rights : Thomas's App., 30 Pa. 378 ; Mullison's Est., 68 Pa. 212.

OPINION BY MR. JUSTICE MESTREZAT, May 8, 1905 :

Joseph F. Tobias was the equitable owner of an undivided

169/800 part of certain real estate in Philadelphia, known as the " Old Oaks " property, the legal title to which was in W. H. Jenks. Tobias borrowed money from the Fidelity Trust Company, the Girard Trust Company, the plaintiff, Montagu M. W. Baird, the defendant and appellant, and from Mr. Jenks. As collateral security for these loans, he, " bargained, sold, assigned and transferred " his interest in the " Old Oaks " property to each of his creditors, but none of these assignments was recorded. This bill was filed by the Girard Trust Company against Tobias, the Fidelity Trust Company, Baird and Jenks for the purpose of having determined the priorities of lien of the several assignments, and for a decree directing the sale of Tobias's interest in the property and application of the proceeds to the payment of the plaintiff's lien. The plaintiff loaned Tobias $2,500 on August 19, 1897, and the same amount on December 18, 1897, and on each occasion took as collateral security the assignment of his interest in the " Old Oaks " property. Subsequently these loans were paid, but instead of the assignment of December 18, 1897 being returned to Tobias it was then agreed by the parties that the plaintiff should retain it to secure future loans. On December 31, 1900, the plaintiff company loaned Tobias $7,000 for which a promissory note was given in which it was recited that he had " deposited as collateral security for the payment of this liability . . . assignment of an undivided interest of 169/800 in " Old Oaks " property dated 12/19/97." The loan of the Fidelity Trust Company was made July 13, 1886, of Mr. Jenks, July 12, 1900, and of Mr. Baird, February 20, 1901. Accompanying each of the several loans was an assignment of Tobias's interest in the " Old Oaks " property as collateral security. The court below held that the assignments were unrecorded equitable mortgages and entered a decree that the several assignees had a lien against Tobias's interest in the " Old Oaks " property from the dates of their respective assignments, and that they were entitled to participate in the proceeds of the property according to the priority of date of the assignments. From this decree Baird has appealed and raises the single question of the right of the plaintiff company to have priority over him in the distribution of the proceeds of the sale of the interest of Tobias in the " Old Oaks " property. The appellant contends (1)

that the original loan of $2,500 by the Girard Trust Company, secured by the assignment of December 18, 1897, having been paid off, the assignment which is conceded to be a mortgage was extinguished and could not, as against creditors of the mortgagor, be revived, and (2) that if the mortgage had any validity as a security for the loan of $7,000 of December 31, 1900, it was only valid to the extent of its face amount, $2,500, and not the amount of the larger loan.

We do not regard either of these positions as tenable. The appellant concedes that the several assignments made by Tobias were equitable mortgages on his undivided interest in the "Old Oaks" property, and acquiesces in the position of the court below that they have priority according to their respective dates. It is true that a mortgage paid by the mortgagor cannot be kept alive and retain its lien against subsequent mortgage and judgment creditors without notice. But as between the parties to the instrument, the mortgage may by agreement be kept alive and be enforced against the mortgagor for the amount of the loan secured by it. In Mitchell v. Coombs, 96 Pa. 430, a mortgage was given to a bank to secure a bond which was subsequently paid by the obligor, but the mortgage was retained by the bank as security for further discounts. In delivering the opinion of this court, Mr. Justice GORDON says: "As to Coombs (mortgagor), his acquiescence in this arrangement (retention of mortgage to secure future advancements), would, no doubt, estop him from setting up the payment of the bond to defeat the mortgage, but as to his judgment creditors, the transaction was of no legal force. As to them the mortgage was satisfied, and no arrangement, not apparent on its face, would avail to continue its lien." Loverin v. Humboldt Safe Deposit & Trust Co., 113 Pa. 6, was, as stated by the court, an attempt to keep alive a mortgage which had been paid by the mortgagors against a subsequent unpaid mortgage given by the same mortgagors upon the same premises. Of course, this could not be done, but in delivering the opinion Mr. Justice PAXSON says : " Where creditors are not concerned, there is perhaps no legal reason why it (keeping the mortgage alive) may not be done. Though actual payment discharges a judgment or other incumbrance at law, it does not discharge it in equity if there are interests which require it to be kept

alive for their protection. Thus it may be kept on foot for the protection of a paying surety, and other cases which it is not necessary to name. And it was said by SHARSWOOD, J., in Wilson v. Murphy, 1 Phila. 203, 'there is no doubt that a mortgage may be kept alive, even after payment in full, if such were the intention of the parties, and even though there be no actual assignment to a trustee.'" And in Massachusetts while a mortgage cannot be kept alive by an oral agreement as security for a new indebtedness, yet it is there held that if such an agreement has been made and money has been advanced in consequence thereof by the mortgagee to the mortgagor, a court of equity will not aid the latter, or one claiming under him with knowledge of the facts, in obtaining a discharge of the mortgage : Joslyn v. Wyman, 87 Mass. 62 ; Stone v. Lane, 92 Mass. 74 ; Upton v. National Bank, 120 Mass. 153.

It is therefore clear, we think, that the parties to a judgment or mortgage, as between themselves, may, by agreement, continue its lien notwithstanding payment in full has been made by the debtor. There is no reason why this should not be so. It is simply permitting the parties to exercise the right of contract which they unquestionably have. And such an agreement binds not only the parties to the instrument, but also subsequent creditors with notice. It is settled that a third party with notice is bound by a contract between the mortgagor and the mortgagee to keep alive the security. Such party has no standing in law or equity to demand that his mortgage, taken with notice, shall have precedence over a prior mortgage held to secure payment of a bona fide loan. This principle is supported by authority as well as by reason. In Nice's Appeal, 54 Pa. 200, it is distinctly held that an unrecorded mortgage will avail, not only against the mortgagor, but also against his alienee and mortgagee with notice. In Mellon's Appeal, 32 Pa. 121, Mr. Justice STRONG speaking for the court says that notwithstanding the recording acts it has uniformly been held that an unrecorded mortgage is good as against the mortgagor, or anyone claiming under him with notice. And in Britton's Appeal, 45 Pa. 172, it was held that a mortgage given for the purchase money of real estate, executed before, but not recorded until after judgments had been entered against the

mortgagor, is entitled to priority over them in the distribution of the proceeds of a sheriff's sale of the land where the judgment creditors had actual knowledge of the mortgage before the debts were contracted for which the judgments were obtained. The doctrine of these authorities has been announced and enforced in many other cases decided by this court.

We are of opinion that the parties to the assignment of December 18, 1897, could agree to keep it alive in order to secure further loans, and that the assignment was valid and had priority over a subsequent assignment by Tobias taken with notice of the agreement. It was found as a fact by the court below that Baird, before making his loan to Tobias, had notice of the prior assignment to the Girard Trust Company, which was retained to secure the payment of the $7,000 loan made in December, 1900, and hence he is not in a position to deny its priority over his assignment made in February, 1901. And we also think that the assignment retained by the plaintiff company was effective to secure the full amount of the new loan. This is on the same principle that the parties could by agreement continue its validity to secure another loan. If the parties by contract could give the assignment life to secure another loan after the amount named in it had been paid, there is no reason why they could not at the same time stipulate the amount for which it was to remain a security. "We have no doubt," says Paxson, J., in Peirce v. Black, 105 Pa. 342, "that it is competent for the parties to a judgment, by their own agreement, to change the purposes for which it may be held." And in Atwater v. Underhill, 22 N. J. Eq. 599, Depue, J., in delivering the opinion, says: "A mortgage which has been satisfied may be given a new vitality by a redelivery by the mortgagor to the mortgagee, or a third person, upon a new consideration, or for a purpose different from that for which it was made." The original loan to Tobias was paid, and, therefore, the assignment was no longer held to secure its payment. The assignor received another sum of money from the assignee for which the parties agreed that the instrument should remain a security. Tobias, the assignor, is not seeking to invalidate his contract and is not contesting the right of the plaintiff to retain the assignment to secure the payment of the larger loan, and why should Baird with notice of the sum

loaned occupy a higher ground?   Why permit him to attack the validity of the contract and enable him to prevent the payment of the plaintiff's loan and thereby secure his own loan made with full knowledge of the contract and the amount of the loan the assignment secured?   To permit him to do so under the circumstances would be a fraud on the plaintiff company which, on the faith of the contract, furnished the $7,000. A court of equity will not lend its assistance to a party to secure a fund on which another has a claim which is prior in time and of superior equity.

The decree is affirmed.