# Graybill *v.* Deitrich.

*Judgment—Payment of judgment—Priority of lien.*

A judgment which has been confessed by a father to his son, and subsequently paid in full, and after the payment thereof assigned by the son to his mother without any consideration from the mother to the father, cannot participate in the distribution of the proceeds of a sheriff's sale of the father's real estate, to the exclusion of a creditor who had a judgment prior in date to the son's judgment, but which had lost its priority by reason of a failure to revive in time.

*Appeals—Assignments of error—Exceptions to auditor's report.*

A single assignment of error to the effect that the court erred in dismissing exceptions to an auditor's report, where it appears that there were several exceptions, violates Rule XIV.

Argued Oct. 24, 1906. Appeal, No. 81, Oct. T., 1906, by D. K. Light, from order of C. P. Lebanon Co., March T., 1905, No. 99, dismissing exceptions to auditor's report in case of Michael Graybill to use of D. K. Light v. Cyrus C. Deitrich. Before RICE, P.J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Exceptions to report of Frank A. Lehman, Esq., auditor.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was as follows :

The court erred in dismissing the exceptions of the appellant to the report of the auditor and confirming the same absolutely, as follows :

" And now, March 27, 1906, the exceptions to the report of the auditor are dismissed, his report confirmed absolutely and the money ordered to be paid out as therein decreed."

*E. E. McCurdy,* of *Gobin & McCurdy,* for appellant.—The judgment was extinguished by payment, and cannot afterwards be restored or kept alive by the parties : Keller v. Leib, 1 P. & W. 220 ; Craft v. Webster, 4 Rawle, 242 ; Smith v. Pringle, 100 Pa. 275 ; Stout v. Vankirk, 10 N. J. Eq. 78 ; Kuhn v. North, 10 S. & R. 399 ; Simpson v. Mercer, 144 Mass. 413 (11 N. E. Repr. 720) ; Troup v. Wood, 4 Johns. Ch. (N. Y.) 238 ; Conor v. Hernstein, 29 N. Y. Super. Ct. 552 ; Booth v. Farmers', etc., Nat. Bank, 74 N. Y. 228 ; Thompson v. Sankey, 175 Pa. 594 ; Truscott v. King, 6 N. Y. 147 ; Fleming v. Beaver, 2 Rawle, 128.

*George B. Woomer,* for appellee, cited : Armington v. Rau, 100 Pa. 165 ; Hogan's Estate, 181 Pa. 500 ; Peirce v. Black, 105 Pa. 342 ; Girard Trust Co. v. Baird, 212 Pa. 41.

OPINION BY BEAVER, J., February    , 1907 :

There are several minor defects in the make-up of the appellant's paper-book, the most serious of which is the omnibus assignment of error, which is that, " The court erred in dismissing the exceptions of the appellant to the report of the auditor and confirming the same absolutely as follows : " quoting the decree. Inasmuch as there were eight separate exceptions, this assignment cannot be regarded as in accordance with our Rule XIV. Inasmuch, however, as the appellee does not complain of it, and indeed specially waived any objection thereto at the argument, and in view of the fact that the statement of the question involved narrows the inquiry to the one question in the case, we content ourselves with the consideration of that phase of the case fairly raised in the assignment of error.

The question, as stated by the appellant, is: " Whether a judgment which has been confessed by a father to his son and subsequently paid in full, and after the payment thereof assigned by the son to his mother, can participate in the distribution of the proceeds of a sheriff's sale of real estate, to the exclusion of a junior lien creditor."

The counter-statement of the question involved, as stated by the appellee, is: " Whether the holder of a judgment, which was the first lien upon defendant's real estate, who, by failure to revive, has lost priority, can prevent the participation in the distribution of the proceeds of a sheriff's sale of real estate and question the validity of a second judgment confessed by the defendant to his son, and subsequently, by agreement of the parties, assigned to defendant's wife, both the confession and assignment of the second judgment having been made while the first judgment was a prior lien."

The facts, as found by the auditor, are, that " The assignment from Charles Deitrich to Louisa Deitrich was, on the other hand, admittedly without consideration. Louisa Deitrich said her husband gave it to her as a present or gift, and Cyrus C. Deitrich frankly corroborates this statement. This assignment was not, however, made until May 5, 1894, after a nol. pros. dated March 7, 1894, had been entered in the above mentioned criminal suit," (to avoid the possible consequences of which the judgment was originally confessed by the father to the son, based, as the auditor finds, upon a sufficient consideration). At the time of the assignment, Cyrus C. Deitrich had no liabilities other than the Graybill judgment, nor cause to anticipate the incurrence of liabilities. He had paid off his son and had complete control of the judgment. Had he wished, he could have demanded that it be satisfied, but he chose to direct that it be assigned to his wife, which was a privilege he had a perfect right to exercise under the circumstances. Nor was the transaction in anywise fraudulent, for fraud cannot be inferred from a voluntary transfer from husband to wife, unless such transfer be made for the purpose of cheating or hindering creditors."

' Upon these facts, the auditor finds, as a conclusion of law, that " The existence of the Graybill judgment, a first lien against the defendant's property, could not in itself, as a liabil-

ity, have rendered the assignment fraudulent, for the interpretations placed in Pennsylvania upon the statute of 13th Elizabeth, Ch. 5, expressly exclude prior lien creditors as 'are, shall, or might be, in any ways disturbed, hindered or defrauded:' Byrod's Appeal, 31 Pa. 241; Nippes's Appeal, 75 Pa. 472; Haak's Appeal, 100 Pa. 59. Nor is a prior lien creditor such an interested party as can be heard to contest the right of a judgment creditor, whose judgment is alleged to be fraudulent: Hogan's Estate, 181 Pa. 500. The Graybill judgment, being a prior lien in 1903, when the Deitrich judgment was last revived, these decisions apply as well to the revival as to the assignment. It is for his own negligence in failing to revive his judgment that the use plaintiff in this case must suffer." Distribution is then made, awarding to the Louisa Deitrich and subsequent judgments the entire amount for distribution.

The court below confirms this conclusion of the auditor, upon practically the same grounds.

It is true that the use plaintiff in the Graybill judgment could not, as a prior lien creditor, attack the validity of the assignment of the judgment of the son against the father to the wife and mother, because there was no necessity for so doing, inasmuch as his rights as a lien creditor were not affected, on the principle that the law gives no remedy where there is no wrong to be righted; but, by losing the lien of his judgment, he did not lose his rights as a creditor and, when the lien of his judgment was gone, it was both his interest and his right to be heard in the attack upon the assignment of a judgment which, however good in itself at the time it was confessed, had no validity as against creditors.

In Peirce v. Black, 105 Pa. 342, in which the validity of an assignment of a judgment which had been paid to a party who advanced money to the defendant upon the faith of such assignment was involved, it was held that, as between the parties to such a transaction, the judgment was good, and the defendant could not be heard to deny the validity of his own agreement. But, in delivering the opinion of the court, Mr. Justice PAXSON said: "In the case in hand, the defendant did not desire satisfaction of the judgment, when it was paid. He intended to keep it alive for the purpose of obtaining a further loan and, in fact, did obtain $200 from the plaintiff upon the

security of the judgment. While this arrangement is of no legal force as to creditors, it is good between the parties. It was a valid contract between parties capable of contracting, and we are clearly of opinion that the defendant is estopped from alleging the contrary. The plaintiff has advanced his money upon the faith of it, and common honesty requires that the defendant shall be held to his agreement."

In Mitchell v. Coombs, 96 Pa. 430; Loverin et al. v. Trust Co., 113 Pa. 6, and Girard Trust Co. v. Baird, 212 Pa. 41, in all of which it was held that "A mortgage may be kept alive, even after payment in full, if such were the intention of the parties, or if there are interests which require it for their protection," it was put upon the ground in all of them that there were equities requiring protection which justified it, and that it could not be done as against interested creditors. In this case there were no equities in the wife to be preserved and the attempt is made to hold the assignment to her good, as against a creditor whose claim was "in esse" at the time of the assignment, which, as is clearly indicated in all the cases, cannot be done. True it is that the assignment to the wife at the time it was made as to the Graybill claim was not actually void, but only voidable, but when Graybill, by the loss of the lien of his judgment, assumed the place of an ordinary creditor, he had the undoubted right to attack that assignment as a fraud against the rights which inhered in him as such a creditor.

The wife, to whom the assignment of the judgment was made, does not suffer. She took, subject to the Graybill judgment, the lien of which was in force at the time. The failure to continue the lien did not extinguish Graybill's rights as a creditor and, therefore, the use party has a right to claim out of the fund for distribution the amount which was awarded to Mrs. Deitrich on her judgment, provided other judgments entitled to priority were fully paid.

The assignee of the Graybill judgment, of course, has no claim as against subsequent judgment creditors, to whom the balance of the fund was distributed, inasmuch as, for aught that appears of record, these judgments were valid and entitled to the priority which the date of their lien gave them. We are clearly of opinion, however, that Mrs. Deitrich had no right to participate in the distribution of the proceeds of the sale of

the real estate in the hands of the auditor for distribution, until after the Graybill judgment was paid.

The decree of the court below is, therefore, reversed and the record remitted, with instructions to make distribution in accordance with this opinion.