## Negley *v.* Reiser, Appellant.

Argued September 30, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*John F. Gloeckner,* with him *Joseph I. Winslow,* for appellant.

*Frank C. Link,* for appellee.

OPINION BY MR. CHIEF JUSTICE KEPHART, November 23, 1936:

Appellee sustained personal injuries through the negligence of Charles E. Reiser. Five days after the accident Reiser conveyed his real estate, without consideration, to his brother and the latter's wife. Reiser died shortly thereafter, leaving no assets of record. In partial compliance with Section 15(a) of the Fiduciaries Act, appellee instituted an action in trespass against Reiser's personal representatives within a year after his death omitting, however, to index it as there provided. A judgment was recovered against the estate. In the meantime, Reiser's brother and his wife transferred the property to his widow. The present bill in equity was then filed to set aside the conveyances of Reiser's real estate, alleging they were fraudulent and void as against creditors. Preliminary objections to the bill and a motion to dismiss for lack of jurisdiction were overruled and this appeal followed.

Has a court of equity jurisdiction to set aside a conveyance of real estate by a decedent in his lifetime on the ground that it was fraudulent as to a judgment recovered in an action commenced within a year following death but not indexed in the judgment index as provided by Section 15(a) of the Fiduciaries Act?

The question is precisely answered by our recent case of *Central-Penn National Bank of Philadelphia v. Culp et al.*, 320 Pa. 358, where the relevant legal authorities and the Uniform Fraudulent Conveyance Act are fully discussed and the argument decisive of this appeal ruled upon adversely to appellee. In that case, following the execution of certain notes, decedent conveyed away his real estate and was then sued upon these obligations. Upon his death, the personal representatives were joined as parties defendant, but the action was never indexed. After the expiration of a year following the grantor's death a bill in equity was filed to have the conveyances set aside on the ground of fraud. Mr. Justice MAXEY, speaking for the court, there stated: "A creditor's rights against real estate alleged to have been fraudulently conveyed by a debtor-decedent in the latter's lifetime can certainly rise no higher than his rights against any realty of which the debtor might have died possessed." Section 15(a) of the Fiduciaries Act explicitly provides that no debt shall remain a lien on a decedent's realty for more than a year following the death unless an action is commenced within that period and properly indexed. Indexing is as essential to the preservation of a creditor's right against a decedent's realty as is the commencement of the action: *Tourison's Estate*, 321 Pa. 299, 302. Appellee's failure to index this action leaves the real estate free from the claim of his judgment. Under the circumstances it becomes unnecessary to decide whether an unliquidated claim for trespass damages is a debt within the meaning of this section, which may be made a lien by pursuing the methods therein prescribed.

Judgment reversed.