**In re Kenneth A. HASTINGS and Beulah M. Hastings aka Beulah M. Poppe, Bankrupts.**

**Brian F. LEONARD, Trustee**

v.

**John R. LYENS, dba LyMar Investment Company, 2634 19th Avenue, North St. Paul, Mn.**

**Bankruptcy No. 3–79 Bky 1470.**

United States Bankruptcy Court, D. Minnesota.

May 19, 1980.

Plaintiff, Brian F. Leonard, St. Paul, Minn., trustee appeared pro se.

Defendant did not appear.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER FOR JUDGMENT

JACOB DIM, Bankruptcy Judge.

The above entitled matter came on for a pre-trial conference at 3:00 o'clock p. m. on May 12, 1980. The pre-trial conference had been postponed from April 22, 1980 at the request of the defendant.

The plaintiff, Brian F. Leonard, Trustee of this bankruptcy estate, appeared pro se. The defendant did not appear. The Trustee moved for judgment under the Rules of Federal Procedure for the relief requested in his complaint. No answer or pleadings have been served or filed by the defendant in this matter.

Upon all of the files, records, and proceedings, this court now makes its:

### FINDINGS OF FACT

1. On October 23, 1979, Kenneth A. Hastings and Beulah M. Hastings, also known as Beulah M. Poppe, the debtors in this proceeding, filed their petitions in bankruptcy.

2. On October 23, 1979, Brian F. Leonard was appointed interim trustee of this bankruptcy estate, and on November 26, 1979 the first meeting of creditors was held, and the creditors failed to elect a trustee at said first meeting of creditors, and accordingly, Brian F. Leonard continues to act in the capacity of trustee in the above entitled bankruptcy estate.

3. On or about July 27, 1979, the defendant loaned to the debtors the amount of $3,500.00, and in consideration therefore,

the debtors gave the defendant a mortgage on their homestead located at 2101—4th Street, White Bear Lake, Minnesota, legally described as Lot 18, Block 4, Interlake No. 1, Ramsey County, Minnesota, which mortgage was in the form of a Quit Claim Deed and Contract for Deed given as security for said loan.

4. The defendant did not file its aforementioned lien documents in the office of the Ramsey County Recorder, and accordingly failed to perfect its lien on the aforementioned real estate; nor was defendant in possession.

5. On or about March 13, 1980, Brian F. Leonard, Trustee, commenced his action against the defendant, and served the defendant with his Summons, Complaint, and Notice of Pre-Trial Conference pursuant to the Bankruptcy Rules of Procedure.

6. The Summons served upon the defendant required that the defendant serve a motion or an answer within 30 days from March 13, 1980, and to file such responsive pleadings with this court. The Summons further stated that upon failure of the defendant to serve and file responsive pleadings, judgment by default will be taken against the defendant for the relief demanded in the Complaint. The defendant has failed to serve or file any responsive pleadings whatsoever, and has not appeared in this action in any manner except to request a continuation of the pre-trial conference initially set for April 22, 1980.

## CONCLUSIONS OF LAW

1. The defendant is in default in the above entitled action for his failure to plead or respond in any manner to the Complaint of the plaintiff.

2. 11 U.S.C. Sec. 544 provides as follows: "(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is avoidable by—

(3) a bona fide purchaser of real property from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser at the time of the commencement of the case, whether or not such a purchaser exists."

3. By virtue of the foregoing provision, the trustee is empowered to avoid the mortgage given the defendant by the debtors on or about July 27, 1979, due to the fact that the defendant failed to perfect his mortgage as provided for in Minnesota law, and accordingly, the defendant has no right, title, or interest whatsoever in the aforementioned mortgage.

4. By virtue of the above cited law, the aforementioned mortgage is the property of this bankruptcy estate, and the trustee is entitled and empowered to administer said mortgage as an asset of this bankruptcy estate.

LET JUDGMENT BE ENTERED ACCORDINGLY.