**In re Peter C. PANNONI, Debtor.**

**Henry ELLIS, Trustee, and Westport Federal Credit Union, Plaintiffs,**

v.

**Peter C. PANNONI, Debtor/Defendant,**

**Paulette Pannoni, Defendant.**

**Bankruptcy No. 82–1018–HL.
Adv. No. 82–1134.**

United States Bankruptcy Court,
D. Massachusetts.

June 20, 1983.

Henry C. Ellis, Assiran & Ellis, Taunton, Mass., for plaintiff trustee.

Thomas F. McGuire, McGuire, Collias & Horvitz, Inc., Fall River, Mass., for plaintiff Credit Union.

Joseph V. Aguiar, Fall River, Mass., for defendants.

## MEMORANDUM AND DECISION

HAROLD LAVIEN, Bankruptcy Judge.

In Count IV[1] of the above-entitled complaint, the trustee seeks to avoid a certain transfer of property by the debtor to his wife pursuant to 11 U.S.C. § 549. The following facts were alleged in the trustee's complaint and are not disputed by the debtor. The debtor, Peter C. Pannoni, filed a Chapter 7 petition on June 8, 1982. The

1. The other counts of the complaint have either been dismissed or waived by the trustee.

2. § 544. Trustee as lien creditor and as successor to certain creditors and purchasers.
   (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

debtor's wife, defendant Paulette Pannoni, did not file a bankruptcy petition.

On April 26, 1982, Paulette Pannoni filed a complaint in the Bristol County Probate Court against her husband, Peter, seeking a judgment that she held a one-half interest in the equity of redemption in certain real estate in Westport, Massachusetts, which was owned solely by her husband. The basis of her complaint was a pre-marriage promise by her husband to convey to her and to himself, as tenants by the entirety, title to the said property. The debtor, in his answer, admitted all the allegations and assented to the judgment. A judgment was issued on June 8, 1982 which stated:

It is Ordered and Adjudged:
1. The (sic) the Plaintiff holds legal title jointly with the said Defendant, Peter C. Pannoni, Jr., subject to liens and encumbrances thereon, the parcel of land being described as follows:

[description of the property]

This determination and judgment is not to be construed adversely to the interests of any intervening or subsequent mortgages or creditors relying on, or who have relied on the record title, the purpose of this judgment being to determine the interests of the Plaintiff, but not to defeat the interests of any other persons, as such interests may be determined by this Court or any Court of proper jurisdiction.

The judgment was not recorded until July 1, 1982. The debtor's bankruptcy petition was filed on June 8, 1982.

Under § 544(a) of the Bankruptcy Code, the trustee is granted the powers of a judicial lien creditor, an execution creditor and a bona fide purchaser.[2] Until the judgment

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained a judicial lien, whether or not such a creditor exists;
(2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against

of the Probate Court was recorded, it would have no affect against a bona fide purchaser. *See generally* Mass.Gen.Laws ch. 183 § 4. The judgment specifically stated that it would not affect any intervening creditor. It is important to note that the Order of the Probate Court is not a determination of title based on adverse contentions but is actually little more than the mechanism used for a conveyance by the husband to his wife. One attorney represented both parties and indicated in his letter of transmittal filing the action in the Probate Court that this was a so-called "friendly suit", that he would accept service and that the husband would file an answer assenting to the relief requested. The Probate Court appears to recognize this in its Order which carefully exempted from its affect any pre-existing liens, encumbrances, or mortgages.

The debtor asserts that the trustee did not rely on the record title as the judgment provided, but relied on the declarations of the debtor in his petition. This argument ignores the fact that § 544(a) grants the trustee the status of a bona fide purchaser "whether or not such purchaser exists" and "without regard to any knowledge of the trustee." Section 544(a) does not require that there be any actual reliance by the trustee. In his status as a bona fide purchaser, the trustee may avoid a transfer of real estate that was not perfected against a bona fide purchaser. *See In re Hastings,* 4 B.R. 292, 6 B.C.D. 401 (Bkrtcy.D.Minn.1980). Further, under § 544 the trustee also has the status of a hypothetical lien creditor and would take priority over an unrecorded instrument. *See General Builders Supply Corp. v. Arlington Cooperative Bank,* 359 Mass. 691, 271 N.E.2d 342 (1971). The judgment of the Probate Court stated that it was subject to liens and encumbrances thereon. Once the petition is filed, the

trustee has a lien thereon. Since the judgment was recorded after the bankruptcy petition was filed and after the property was property of the bankruptcy estate, 11 U.S.C. § 541, the trustee may avoid the transfer pursuant to 11 U.S.C. § 549. Further, after the filing of the Chapter 7 petition on June 8, 1982, only the bankruptcy court could affect the title. 28 U.S.C. § 1471(e).[3]

In his brief, the debtor also asserts that the trustee's complaint was filed late since the last day for filing complaints objecting to discharge was August 16, 1982. First, the trustee has waived his objections to the discharge and only seeks to recover the real estate. Second, a timely motion to extend the time for filing the complaint was filed by the trustee and allowed by the Court.

Based upon the above memorandum of law, and §§ 544(a) and 549 of the Code, any purported change in ownership of the property as a result of the Probate Court judgment recorded on July 1, 1982 is null and void. The property located at 99 Sodom Road, Westport, Massachusetts remains the sole property of Peter C. Pannoni. That property is part of Peter C. Pannoni's bankruptcy estate and is in the control of his trustee and under the exclusive jurisdiction of the bankruptcy court.

the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; and

(3) a bona fide purchaser of real property from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser at the time of the commencement of

the case, whether or not such a purchaser exists.

**3.** 28 U.S.C. § 1471 states that:

(e) The bankruptcy court in which a case under title 11 is commenced shall have exclusive jurisdiction of all of the property, wherever located, of the debtor, as of the commencement of such case.