### In re DUFFY–IRVINE ASSOCIATES, Debtor.

### Albert P. MASSEY, Jr., Trustee, Plaintiff,

v.

### GERMANTOWN SAVINGS BANK, Acceptance Association of America, Mary Kerr, Collingdale Millwork Company, Gunton Co., Symon Corporation, Kountry Kraft Kitchens, Inc., GAF Corporation, HYK Corporation, R & L Plumbing, A & C Wholesale Distributor Co., Silcox Brothers, Inc., and Roy Lomas t/a Lomas Carpet.

Bankruptcy No. 82–04993K.
Adv. No. 83–0072K.

United States Bankruptcy Court,
E.D. Pennsylvania.

May 1, 1984.

Nathan Lavine, Philadelphia, Pa., for debtor.

John L. Lachall, West Chester, Pa., for Mary E. Kerr.

Edward N. Flail, Jr., Wayne, Pa., for Collingdale Millwork Co.

Marc Schwartz, Media, Pa., Stephen Raslavich, Blue Bell, Pa., for Acceptance Associates of America, Inc.

Albert Massey, Jr., Paoli, Pa., Trustee/plaintiff.

Edward J. Hayes, Philip B. Korb, Philadelphia, Pa., for Germantown Sav. Bank.

Marshall L. Grabois, Norristown, Pa., for HYK Corp. & Silcox Bros., Inc.

Edward J. DiDonato, Philadelphia, Pa., for trustee/plaintiff.

Thos. C. Branca, Lansdale, Pa., for Roy Lomas, t/a Lomas Carpets.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

Currently before the Court is the Complaint of Albert P. Massey, Jr., Trustee, to sell property free and clear and to deter-

mine the nature, extent and validity of lien. By Order dated January 28, 1983, this Court granted the request to sell real estate free and clear of liens. The sole issue remaining for decision is the extent and validity of the lien of the defendant, Mary Kerr, on the proceeds of the sale.

Ms. Kerr claims that she is the holder of a valid mortgage lien against the property which entitles her to a security interest in the proceeds of the sale.

The Trustee disputes Ms. Kerr's contention that she is a secured creditor. He maintains that her alleged lien is a nullity and may be avoided under the Trustee's "strong arm" powers because Ms. Kerr's mortgage was unrecorded on the date the bankruptcy petition was filed. Pursuant to § 544(a) of the Bankruptcy Code, the Trustee would be deemed a hypothetical bona fide purchaser or lien creditor without notice of the unrecorded mortgage.

Ms. Kerr acknowledges the fact that the mortgage is unrecorded. Nevertheless, she contends, her filing of a Complaint in Equity with the Prothonotary's Office of Montgomery County prior to the bankruptcy filing was sufficient to provide the Trustee with constructive notice of her interest in the property; therefore, the Trustee may not avail himself of bona fide purchaser status.

■ For the reasons stated herein, we find that Ms. Kerr has failed to meet her burden of proving actual or constructive notice to the Trustee of her claim. Therefore, her lien may be avoided by the Trustee under 11 U.S.C. § 544 relegating her claim to general unsecured status.

The relevant facts [1] have been stipulated to by the parties.

1. On January 28, 1982, Mary E. Kerr ("Kerr") filed a Complaint in Equity with the Prothonotary of the Court of Common Pleas of Montgomery County at No. 82–01267. (Stipulation ¶ 1)

2. The Prothonotary of Montgomery County entered the filing of the Complaint in Equity in the Prothonotary's docket book on that same date. (Stipulation ¶ 2)

3. Ms. Kerr did not index the equity action in any other manner. (Stipulation ¶ 3)

4. Ms. Kerr alleges in her Complaint in Equity, *inter alia,* that she is the holder of a mortgage against the property ("Kerrwood") which is the subject of the Complaint to Sell Free and Clear of Liens and that the mortgage was to be executed and delivered for recording on May 15, 1979. (Stipulation ¶ 4)

. 5. As of January 28, 1983, the alleged mortgage had not been recorded. (Stipulation ¶ 5)

6. On October 18, 1982, an Involuntary Petition in bankruptcy was filed against Duffy-Irvine Associates ("Debtor"), commencing this bankruptcy proceeding. (Stipulation ¶ 6)

7. On November 30, 1982, debtor filed its Statements of Financial Affairs with the Bankruptcy Court. (Stipulation ¶ 7)

8. On November 30, 1982, Ms. Kerr filed a request for relief from the automatic stay under Section 362 of the Bankruptcy Reform Act at Adversary No. 82–3166K. (Stipulation ¶ 8)

9. On December 6, 1982, Albert P. Massey, Jr., was appointed Trustee of the debtor. (Stipulation ¶ 9)

10. The record owner of the Kerrwood property is Duffy-Irvine Associates, a partnership. (Stipulation ¶ 10)

11. The Complaint in Equity filed by Ms. Kerr names Messrs. Duffy and Irvine as individual defendants and does not name the titleholder of the property, Duffy-Irvine Associates, as a defendant. (Exhibit "A" of Stipulation)

## DISCUSSION

Section 544(a) of the Bankruptcy Code provides as follows:

---

**1.** This Opinion constitutes the findings of fact and conclusions of law required by Rule 7052 of the Rules of Bankruptcy Procedure.

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained a judicial lien, whether or not such a creditor exists;

(2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; and

(3) a bona fide purchaser of real property from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544.

Pursuant to § 544(a), the Trustee is conferred with the status of a "hypothetical lien creditor" as of the date of the commencement of the bankruptcy proceeding.

Section 544(a) entitles the Trustee to avoid any obligations of the debtor that are voidable by a judgment creditor (544(a)(1)), an execution creditor (544(a)(2)), or a bona fide purchaser of real property from the debtor (544(a)(3)). The Trustee "steps into the shoes" of these particular classes of individuals, whether or not such an individual exists.

■ The first issue presented is whether the Trustee can avoid a mortgage that has not been recorded as of the date of the bankruptcy filing. Upon examination of the applicable law of the Commonwealth of Pennsylvania,[2] we conclude that an unrecorded mortgage can be avoided by a judgment creditor, execution creditor, or bona fide purchaser. Hence, the Trustee, as a hypothetical judgment creditor, execution creditor, or bona fide purchaser, may also avoid an unrecorded mortgage.

In Pennsylvania, all mortgages must be recorded within six (6) months of the date of execution of the mortgage.

No deed or mortgage, or defeasible deed, in the nature of mortgages, hereafter to be made, shall be good or sufficient to convey or pass any freehold or inheritance, or to grant any estate therein for life or years, unless such deed be acknowledged or proved and recorded within six months after the date thereof, where such lands lie, as hereinbefore directed for other deeds.

Pa.Stat.Ann. tit. 21, § 621 (Purdon 1955).

An unrecorded mortgage is deemed "fraudulent" and "void" as to any judgment creditor or bona fide purchaser without actual or constructive notice of the mortgage. Pa.Stat.Ann. tit. 21, § 351 (Purdon 1955).

The Pennsylvania recording statute provides:

All deeds, conveyances, contracts, and other instruments of writing wherein it shall be the intention of the parties executing the same to grant, bargain, sell, and convey any lands, tenements, or hereditaments situate in this Commonwealth, upon being acknowledged by the parties executing the same or proved in the manner provided by the laws of this Commonwealth, *shall be recorded* in the office for the recording of deeds in the county where such lands, tenements, and hereditaments are situate. *Every such deed, conveyance, contract, or other instrument of writing which shall not be*

---

**2.** State law governs the existence *vel non* of secured interests asserted by parties in a bankruptcy proceeding. 4 *Collier on Bankruptcy* § 544.02 (15th ed. 1979). *In re Carr,* 18 B.R. 794, 795 (Bkrtcy.E.D.Pa.1982).

*acknowledged or proved and recorded, as aforesaid, shall be adjudged fraudulent and void as to any subsequent bona fide purchaser or mortgagee or holder of any judgment,* duly entered in the prothonotary's office of the county in which the lands, tenements, or hereditaments are situate, *without actual or constructive notice unless such deed, conveyance, contract, or instrument of writing shall be recorded,* as aforesaid, before the recording of the deed or conveyance or the entry of the judgment under which such subsequent purchaser, mortgagee, or judgment creditor shall claim. Nothing contained in this act shall be construed to repeal or modify any law providing for the lien of purchase money mortgages. (emphasis added)

Pa.Stat.Ann. tit. 21, § 351 (Purdon 1955).

We have previously held that a Trustee, as hypothetical lien creditor, may avoid an unrecorded mortgage where "under applicable state law, it is inoperative as against creditors without notice until recorded; and it has not been recorded at the time of the filing of the petition in bankruptcy". *In re Butz,* 1 B.R. 435, 437 (Bkrtcy.E.D.Pa.1979). *See* also *In re May,* 19 B.R. 655 (N.D. Fla.1982); *In re Hastings,* 4 B.R. 292 (Bkrtcy.D.Minn.1980); *In re Fisher,* 7 B.R. 490, 495 (W.D.Pa.1980). Having determined that the mortgage of Ms. Kerr was unrecorded at the time of the filing of the debtor's petition in bankruptcy, the final issue for the Court to decide is whether the Trustee may be considered a creditor "without notice".

■ Pennsylvania law gives subsequent purchasers of real property priority over the rights of prior purchasers only if the subsequent purchasers are bona fide purchasers for value *without notice.* *McCannon v. Marston,* 679 F.2d 13, 15 (3d Cir. 1982).

■ An innocent purchaser for value, having neither actual nor constructive knowledge of claims of a third party, holds title acquired free of any such secret equities. *Lund v. Heinrich,* 410 Pa. 341, 346, 189 A.2d 581 (1963).

■ A bona fide purchaser of land without notice of any equity or title in favor of a third person is not affected thereby, and takes the title discharged of every equity of which he has no notice. *Haggerty v. Moyerman,* 321 Pa. 555, 184 A. 654 (1936); *Puharic v. Novy,* 317 Pa. 199, 176 A. 233 (1935).

■ Mindful of the requirement that the Trustee act without actual or constructive notice to qualify as a bona fide purchaser of property, Ms. Kerr argues that constructive notice may be imputed to the Trustee in this case because she filed a Complaint in Equity on January 28, 1982 with the Prothonotary's Office of the Court of Common Pleas of Montgomery County. While we agree that constructive notice of a prior interest may affect the Trustee's "strong arm" powers, *see McCannon v. Marston, supra,* we cannot find constructive notice to the Trustee on the facts of this case.

The "lis pendens" procedure in Pennsylvania is governed by Pa.Stat.Ann. tit. 42, § 4302 (Purdon 1978).[3] This provision requires both the filing and the indexing of every document affecting an interest in real property:

> Except as otherwise provided by statute or prescribed by general rule adopted pursuant to Section 1722(b) (relating to enforcement and effect of orders and process), every document affecting title to or any other interest in real property which is *filed and indexed* in the office of the clerk of the Court of Common Pleas of the county where the real property is situated, or in the office of the clerk of the branch of the Court of Common Pleas embracing such county in the manner required by the laws, procedures

**3.** The originally enacted Section 4302, effective in 1978, referenced only the filing of an equity action. Apparently as an oversight, indexing was not required under the original section. In 1980, the Legislature cured this oversight by amending Section 4302 to specifically require both filing and indexing. This amendment became effective December 4, 1980.

or standards in effect at the date of such filing shall be constructive notice to all persons of the filing and full contents of such document. (emphasis added)

Pa.Stat.Ann. Tit. 42, § 4302 (Purdon 1978).

The purpose of indexing an action in either the judgment, ejectment or miscellaneous indexes is to convey to third parties dealing with land notice that the property is subject to a claim. Indexing is as essential to the preservation of a creditor's right against realty as is the commencement of the action. *Negley v. Reiser*, 324 Pa. 190, 192, 188 A. 123 (1936).

Failure to index an action relieves the property from the claim of the lien, even though an action has been commenced. *Tourison's Estate*, 321 Pa. 299, 302, 184 A. 95 (1936).

Furthermore, "It is the duty of a person offering an instrument for record to see that it is both properly recorded and properly indexed." *Commonwealth v. Roberts*, 392 Pa. 572, 586, 141 A.2d 393 (1958).

In the case *sub judice*, Ms. Kerr acknowledges that the equity action was filed with the Prothonotary but not indexed in any manner. All that was required to have the Prothonotary index the Complaint was the filing of a separate praecipe requesting that the Complaint be indexed. Ms. Kerr concedes that no separate indexing was requested or attempted despite the clear provisions of § 4302 cited above. This failure to index the Complaint is fatal to Ms. Kerr's argument that the Trustee was given constructive notice of her claim.

In addition to not being indexed, the equity action did not name the record owner of the property as a defendant. The Complaint was filed against Bernard J. Duffy and Robert P. Irvine in their individual capacities and against numerous other defendants, none of whom is the debtor. The title to this property is held by Duffy-Irvine Associates, a general partnership and the debtor in this case.

For these reasons, we believe it is unrealistic to argue that anyone searching title to the property could have notice of Ms. Kerr's interest. The mortgage was unrecorded. The equity action was not indexed against the property or the debtor. Moreover, it was not filed against the record owner of the property.

Without the indexing of the equity action as required by § 4302, the Trustee could not have received constructive notice of Ms. Kerr's claim sufficient to defeat his hypothetical bona fide purchaser status. Therefore, we hold that the Trustee may avoid Ms. Kerr's unrecorded mortgage pursuant to the "strong arm" clause of § 544(a) of the Bankruptcy Code. Ms. Kerr's status is that of an unsecured creditor. Consequently, she is not entitled to a security interest in the proceeds of the sale of the property known as "Kerrwood".