In re ALLENWEAR & ASSOCIATES, t/a Baby–Gro, Debtor.

ARUN J. SHINGALA, P.C., Plaintiff,

v.

ALLENWEAR & ASSOCIATES, t/a Baby–Gro and Allan B. Goodman, Trustee, Defendants.

Bankruptcy No. 84–02066T.
Adv. No. 85–0029.

United States Bankruptcy Court, E.D. Pennsylvania.

Aug. 25, 1988.

Mark Yoder, Bingaman, Hess, Coblentz & Bell, Reading, Pa., for plaintiff.

Darlington Hoopes, Jr., Hoopes & Tract, Reading, Pa., for debtor.

David A. Eisenberg, Allentown, Pa., for Trustee.

Allan B. Goodman, Bethlehem, Pa., Trustee.

## OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

Presently before the court is a complaint filed by plaintiff, Arun J. Shingala, P.C. ("plaintiff"), requesting that we impose a lien on certain funds presently held by the trustee for the benefit of the bankruptcy estate. Plaintiff and the trustee have stipulated to the following relevant facts.[1]

On or about December 4, 1983, plaintiff loaned $90,000.00 to debtor, Allenwear & Associates, t/a Baby–Gro ("debtor"), pursuant to a letter agreement dated December 4, 1983 signed by plaintiff and debtor. The letter specifies that the $90,000.00 is to be repaid to plaintiff upon debtor's receipt of industrial development authority funds before July, 1984. The letter further states that if industrial development funds do not become available, the $90,000.00 loan is to be considered as a second lien on properties located at 930 N. 4th Street and 813 N. 4th Street, Allentown, Pennsylvania ("the Allentown properties"). Finally, the letter indicates that title to the Allentown properties was not to be transferred to debtor until January, 1984.

In fact, title to the Allentown properties was never transferred to debtor, and as of June 26, 1984 (the date debtor filed for relief under chapter 11 of the Bankruptcy Code[2]), legal title to the Allentown properties was in the name of Allenwear, Ltd. and debtor had only an equitable interest in the Allentown properties by virtue of an agreement of sale.

The Allentown properties have now been sold and the trustee has settled a dispute with Allenwear, Ltd. regarding debtor's interest in the Allentown properties. Pursuant to this settlement, the trustee received $294,368.50, which he is now holding for the benefit of the bankruptcy estate.

No portion of the $90,000.00 loan was repaid to plaintiff and plaintiff never recorded a mortgage or filed a lien against debtor or the Allentown properties to perfect its alleged lien status. Plaintiff now maintains that it is entitled to an equitable lien on the $294,368.50 proceeds presently held by the trustee, which may not be avoided by the trustee under 11 U.S.C. § 544(a)(3). We disagree.

At the outset, we note that although plaintiff and debtor may have intended to create a lien on the Allentown properties, as evidenced in the December 4, 1983 letter, no such lien was created since debtor had no legal interest in the Allentown properties on that date. Furthermore, plaintiff never recorded a mortgage or filed a lien against debtor or the Allentown properties. Accordingly, even if we were to rule that plaintiff is entitled to an equitable lien on the proceeds, this lien would be unperfected. Under Pennsylvania law, neither an unrecorded mortgage not an unperfected lien are valid against a bona fide purchaser without notice. *Appeal of Oberholtzer*, 124 Pa. 583, 17 A. 143 (1889), *aff'd*, 134 Pa. 366, 19 A. 681 (1890); *Nice's Appeal*, 54 Pa. 200 (1867). *See also, Girard Trust Co. v. Baird*, 212 Pa. 41, 61 A. 507 (1905). Therefore, the trustee could avoid plaintiff's equitable lien by virtue of his status as a bona fide purchaser of real property

---

1. Debtor, Allenwear & Associates, t/a Baby–Gro, has not taken an active role in this adversary proceeding.

2. Debtor's case was converted to chapter 7 on December 11, 1985.

without notice under 11 U.S.C. § 544(a)(3). *Einoder v. Mount Greenwood Bank (In re Einoder)*, 55 B.R. 319, 328, B.L.D. ¶ 70,865 (Bankr, N.D.Ill.1985); *In re Reda, Inc.*, 54 B.R. 871, 879, n. 16, B.L.D. ¶ 70,858 (Bankr. N.D.Ill.1985); *Anderson v. South Carolina National Bank (In re McWhorter)*, 37 B.R. 742, 746–47 (Bankr.D.S.C.1984); *Hassett v. Revlon, Inc. (In re O.P.M. Leasing Services, Inc.)*, 23 B.R. 104, 120 (Bankr. S.D.N.Y.1982); *Busch v. Washington Communications Group, Inc. (In re Washington Communications Group, Inc.)*, 10 B.R. 676, 680, B.L.D. ¶ 67,993, 6 C.B.C.2d 491 (Bankr.D.C.1981). For this reason, we enter judgment in favor of defendants.

An appropriate order will follow.