In re HATHAWAY RANCH PARTNER-
SHIP, a California Limited
Partnership, Debtor.

Thomas R. ZEIGLER, Plaintiff,

v.

HATHAWAY RANCH PARTNERSHIP,
a California Limited Partnership,
Defendant.

Bankruptcy No. LA 90–09098–VZ.

Adv. No. LA 90–01541–VZ.

United States Bankruptcy Court,
C.D. California.

Dec. 31, 1990.

860

Thomas R. Ziegler, pro se.

Dilworth A. Nebeker, David W. Magnusson, Haws, Record & Williford, Santa Barbara, Cal., for plaintiff.

Gary E. Klausner, Karl E. Block, Robinson, Diamant, Brill & Klausner, Los Angeles, Cal., for Lawrence A. Diamant, designated representative of debtor in possession.

VINCENT P. ZURZOLO, Bankruptcy Judge.

## I. INTRODUCTION

The issue in dispute is whether 11 U.S.C. Section 544(a)(3) enables the holder of an equitable interest in real property to avoid the transfer of another equitable interest in the subject real property.

### A. *Procedural History*

On July 11, 1990, Thomas R. Zeigler ("Plaintiff") filed a complaint ("Complaint") against Hathaway Ranch Partnership, a California limited partnership and the debtor in possession in this case ("Debtor") for fraud, negligence, breach of contract and declaratory relief. On September 13, 1990, Debtor filed its "Motion To Dismiss Complaint for Fraud, Negligence, Breach of Contract, and Declaratory Relief" ("Motion to Dismiss"). On September 28, 1990, Plaintiff filed a response in opposition to the Motion to Dismiss ("Response"). On October 9, 1990, Debtor filed a reply to the Response ("Reply"), and a Request for Judicial Notice ("Request"). A hearing on the Motion to Dismiss ("Hearing") was held on October 11, 1990.

### B. *The Allegations*

Plaintiff alleges that he opened two different escrows (the "Escrows") to purchase certain parcels of land (the "Property"). The Escrows were set to close on April 16, 1990 and May 6, 1990, respectively.

Prior to these closing dates, Plaintiff assigned his interest in the Escrows to Debtor. As part of the assignment agreement (the "Agreement"), Plaintiff became the sole limited partner in Debtor. Debtor promised to close the Escrows and develop the Property. Plaintiff claims that Debtor agreed to reassign immediately its interest in the Escrows to Plaintiff if Debtor defaulted on its obligations under the Agreement.

Plaintiff asserts that the general partners of the Debtor fraudulently and negligently misrepresented to Plaintiff that Debtor would close the Escrows and develop the Property. Plaintiff alleges that the concealed intent of the general partners of Debtor was to sell the interest in the Property to a third party.

Plaintiff does not allege that as of April 13, 1990, when this bankruptcy began, that he had given any notice to Debtor of his claim arising out of the Agreement.

## II. THE MOTION TO DISMISS

### A. *Applicable Legal Standard*

Bankruptcy Rule 7012(b) states that Federal Rule of Civil Procedure ("F.R.C.P.") 12(b)–(h) applies in adversary proceedings.

■ F.R.C.P. 12(b)(6) authorizes a defense of "failure to state a claim upon which relief can be granted" to be brought by motion. Under F.R.C.P. 12(b)(6), a complaint may be dismissed if the facts pleaded demonstrate that relief cannot be granted by the court as a matter of law. *Rutman Wine Company v. Gallo Winery,* 829 F.2d 729 (9th Cir.1987). For purposes of a 12(b)(6) motion in which jurisdiction is not challenged, the facts alleged in the complaint are deemed to be true. *Gibbs v. Buck,* 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed. 1111 (1939).

■ F.R.C.P. 12(b) requires that a Rule 12(b)(6) motion be treated as a motion for summary judgment and determined according to F.R.C.P. 56 if matters outside the pleading are presented to and are not excluded by the court.

Debtor requested judicial notice of Debtor's schedules of assets and liabilities. The schedules included, among other things, papers purporting to be underlying agreements or memoranda relating to escrow instructions and assignment agreements. At the Hearing, Debtor withdrew the Request, stating that Debtor did not need

these documents to prove its case. Therefore, since matters outside the pleadings are not being considered, the Motion to Dismiss will not be treated as a motion for summary judgment.

### B. *Debtor's Legal Contentions*

Debtor contends as a matter of law that 11 U.S.C. Section 544(a)(3)[1] entitles it to avoid Plaintiff's alleged right to reassignment of the interest in the Escrows, *inter alia,* because no *lis pendens* was recorded by Plaintiff and because Debtor received no other form of communication interpretable as notice of Plaintiff's claim.

### C. *Plaintiff's Legal Contentions*

Plaintiff argues that because of the fraudulent and negligent misrepresentations of the general partners of the Debtor, and because of Debtor's alleged breach of contract, the Plaintiff is entitled to a judgment "reassigning" the interest in the Escrows to Plaintiff.

Plaintiff further contends that 11 U.S.C. Section 544(a)(3) does not apply because the only interest held by Debtor at the commencement of the case was an interest in the Escrows and not an interest in title to the Property itself.

At the hearing Plaintiff stopped short of claiming entitlement to rescission. Plaintiff characterized its remedy as something almost like rescission, but not quite. After further questioning, Plaintiff conceded that his prayer for relief amounted to a request that Debtor's interest in the escrows be held in constructive trust for Plaintiff.

### D. *Issues*

The issues raised by the Motion to Dismiss are:

1. Whether the interest held by Debtor in the escrows of a land sale contract constitute an interest in real property under California law;

2. The nature of the interest in property of the debtor Plaintiff claims;

3. Whether 11 U.S.C. Section 544(a)(3) allows a bankruptcy estate that holds an equitable interest in real property to avoid the transfer of another equitable interest in real property; and

4. Assuming that 11 U.S.C. Section 544(a)(3) applies, whether Debtor had any constructive notice of Plaintiff's interest in Debtor's interest in the escrows, thereby eliminating Debtor's power to invoke 11 U.S.C. Section 544(a)(3) against Plaintiff's interest in the escrows.

### E. *Discussion*

#### 1. Interest in Real Property

The Complaint characterizes the underlying transaction in two ways. In some paragraphs of the Complaint, the term "interest in escrows" is used. In other paragraphs, the term "purchase agreements" is used. Despite Plaintiff's characterization of Debtor's interest as being a personal property interest in contractual rights to purchase property, I conclude that the Escrows are land sale contracts. As outlined below, the interest held by Debtor is an interest in real property under California law.

■ The powers of a bona fide purchaser under 11 U.S.C. Section 544(a) are defined by state law. *In re Marino*, 813 F.2d 1562, 1565 (9th Cir.1987). See also *In re Great Plains Western Ranch Company, Inc.,* 38 B.R. 899 (Bankr.C.D.Cal.1984). Therefore, California law dictates the rights and powers that Debtor has under 11 U.S.C. Section 544(a)(3).

---

1. 11 U.S.C. Section 544(a)(3) provides that "(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—(3) a *bona fide purchaser of real property,* other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists [emphasis added]." 11 U.S.C. Section 544(a)(3) (West 1990).

### (a) *Real Property Escrow Agreements*

 Under California law, once there is a binding and enforceable escrow agreement between the parties, supported by adequate consideration, the deposit into escrow becomes irrevocable and neither party can withdraw its documents or money before the conditions to the closing of escrow are satisfied. As a result, the grantee acquires immediate equitable title to the subject property, and upon satisfaction or performance of the escrow conditions, legal title to the property passes to the grantee. *Osborn v. Osborn*, 42 Cal.2d 358, 363, 267 P.2d 333 (1954) (court held that remainderman/grantee held equitable interest in fee remainder upon delivery of deed to trustee). See also *Estate of Erskine*, 84 Cal. App.2d 323, 332–333, 190 P.2d 659 (1948) (buyer obtained equitable title in real property upon deposit of down payment into escrow).

In this case, Plaintiff deposited sums into the Escrows. There is no allegation that Plaintiff deposited less than adequate consideration. Therefore, neither the land seller nor Plaintiff could withdraw its documents or deposit until April 16, 1990. As a result, Plaintiff, as the grantee, acquired equitable title to the Property at the time that the Escrows were opened. By virtue of Plaintiff assigning its interests in the Property to Debtor, Debtor, at the commencement of the case, held and continues to hold an equitable interest in the Property under California law.

### (b) *Land Sale Contracts*

██ Under California law, a purchaser of real property under a land sales contract is considered an equitable owner of the property. *Alhambra Redev. Ag. v. Transamerica Fin. Serv.*, 212 Cal.App.3d 1370, 1375, 261 Cal.Rptr. 248, 250 (1989) (buyer under an installment land sale contract becomes equitable owner of property). *See, also; Orange Cove Water Co. v. Sampson*, 78 Cal.App. 334, 342, 248 P. 526 (1926); *Tucker v. Lassen Sav. & Loan Assn.*, 12 Cal.3d 629, 637, 526 P.2d 1169, 116 Cal. Rptr. 633 (1974).

██ In this case, Plaintiff was the buyer under land sales contracts. Therefore, Plaintiff became the equitable owner of the Property upon entering into the contracts. By virtue of Plaintiff assigning his interest to Debtor, Debtor became and is currently the equitable owner of the Property.

It is clear, then, that under either characterization used by Plaintiff, the interest held by Debtor is an equitable interest in the Property under California law.

### 2. Nature of Remedy Sought By Plaintiff

Plaintiff seeks an order reassigning whatever interest Debtor holds in the Property to Plaintiff. I am not aware of an equitable remedy of reassignment. Therefore, it is necessary to characterize the remedy sought by Plaintiff. The two most likely characterizations are rescission and constructive trust.

### (a) *Rescission*

 Rescission results in an underlying contract being extinguished. California Civil Code Section 1688 (West 1990). If successful, the party seeking rescission is freed of her obligations under the contract. *Larsen v. Johannes*, 7 Cal.App.3d 491, 86 Cal.Rptr. 744 (1970). Fraud is one of the grounds for rescinding a contract. California Civil Code Section 1689(b)(1) (West 1990). To effect a rescission, the rescinding party, upon discovering the facts which entitle her to rescission, must promptly give notice of the intent to rescind to the other party to the contract. California Civil Code Section 1691(a) (West 1990). Also, the rescinding party must restore everything of value which she received under the contract, or offer to restore upon the condition that the other party does likewise. California Civil Code Section 1691(b) (West 1990).

██ In this case, rescission means that Debtor would return its equitable interest in the Property to Plaintiff. Plaintiff would return to Debtor the money Debtor paid for the equitable interest in the Property. There is no evidence that Plaintiff has notified Debtor of his intent to rescind the contract. Plaintiff makes no offer to return to Debtor the money paid. I there-

fore conclude that rescission is not the remedy that Plaintiff seeks.

### (b) *Constructive Trust*

■ California Civil Code Section 2224 states that

"one who gains a thing by fraud ... or other wrongful act, is, unless he has some other and better right thereto, an involuntary trustee of the thing gained, for the benefit of the person who would otherwise have had it." California Civil Code Section 2224 (West 1990).

Under Civil Code Section 2224, California courts have concluded that those who wrongfully acquire property of another hold such property as involuntary and constructive trustees for the benefit of their victims. *Coppinger v. Superior Court of Orange County*, 134 Cal.App.3d 883, 185 Cal.Rptr. 24 (1982); *Fowler v. Fowler*, 227 Cal.App.2d 741, 39 Cal.Rptr. 101 (1964).

Plaintiff alleges in the Complaint that he would not have assigned his interest in the Property had he known of Debtor's misrepresentations. This is another way of saying that Debtor wrongfully acquired the Property from Plaintiff. Therefore, Plaintiff seeks a judicial determination that because of Debtor's misconduct, the Property was transferred to Plaintiff as beneficiary of a constructive trust.

I conclude that the equitable remedy Plaintiff seeks is the imposition of a constructive trust.

### 3. Equitable interest vs. Equitable interest

The transfer Debtor seeks to avoid is the transfer of an equitable interest in real property. The question is whether bankruptcy law permits a holder of an equitable interest in real property to avoid the transfer of another equitable interest in real property under 11 U.S.C. Section 544(a)(3).

### (a) *Is an Equitable Interest Avoidable?*

The Ninth Circuit has specifically held that equitable interests in real property are avoidable[2] under 11 U.S.C. Section 544(a)(3), despite the language of 11 U.S.C. Section 541(d). For example, see *In re Seaway Express Corp.*, 912 F.2d 1125 (9th Cir.1990) (avoidance of equitable lien); *In re Tleel*, 876 F.2d 769 (9th Cir.1989) (avoidance of constructive trust); *In re Lewis Shurtleff, Inc.*, 778 F.2d 1416 (9th Cir. 1985); *In re North American Coin and Currency, Ltd.*, 767 F.2d 1573 (9th Cir. 1985), *cert. den. sub. nom.* (Section 544(a)(3) overrides Section 541(d) as a matter of law).

Courts in other circuits and districts have reached the same conclusion. For example, see *McLean v. City of Philadelphia, Water Revenue Bureau*, 891 F.2d 474 (3rd Cir.1989) (avoidance of lien); *In re Shepherd Oil, Inc.*, 118 B.R. 741 (Bankr.D.Ariz. 1990) (avoidance of constructive trust); *In re Graham*, 110 B.R. 408 (D.S.D.Ind.1990) (avoidance of unrecorded deed); *In re Aikens*, 94 B.R. 869 (Bankr.E.D.Pa.1989) (avoidance of unperfected water and sewer liens); *In re Bertholet Enterprises*, 88 B.R. 9 (Bankr.D.N.H.1987) (avoidance of unrecorded mortgage lien); *In re Costell*, 75 B.R. 348 (Bankr.N.D.Ohio 1987) (avoidance of unrecorded mortgage lien); *In re Cleo Jenkins, Wauka, Inc.*, 74 B.R. 440 (Bankr.N.D.Ga.1987) (avoidance of unrecorded interest in land sales contract); *In re Elin*, 20 B.R. 1012 (D.N.J.1982) (avoidance of equitable interest); *In re Mitchell*, 9 B.R. 577 (Bankr.D.Ore.1981) (avoidance of equitable right to compel a conveyance).

The underlying policy for permitting avoidance of equitable interests is the policy of equal distribution for all creditors of the estate. *In re Tleel*, 876 F.2d 769; *In re Lewis Shurtleff, Inc.*, 778 F.2d 1416; *In re North American Coin & Currency, Ltd.*, 767 F.2d 1573.

---

**2.** The specific language of Section 544(a) states that *transfers* of property are avoidable. While the cases cited speak loosely of avoiding *interests,* as opposed to transfers, the precise remedy sought is the avoidance of a transfer of property. Here, the specific transfer which Debtor seeks to avoid is the transfer of an equitable interest in the Property to Plaintiff as beneficiary of a constructive trust.

(b) *Is an Equitable Interest in Real Property Avoidable if a Bankruptcy Estate Holds Only Equitable Title in Real Property?*

■ Plaintiff argues that a bankruptcy estate which seeks to avoid a transfer under 11 U.S.C. Section 544(a)(3) must hold legal title to the subject property. In fact, in each of the cases cited in the previous section, the Estate held legal title to the subject property. Here, the estate holds only equitable title in the Property.

I have found no reported cases in the Ninth Circuit in which the Estate held only equitable title in real property, yet was still able to avoid a transfer under 11 U.S.C. Section 544(a)(3). Nevertheless, I conclude that as a matter of law, when an Estate holds an equitable interest in real property, such an equitable interest is sufficient to empower the trustee or Debtor to avoid transfers under Section 544(a)(3). I reach this conclusion for the following reasons.

First, Section 544(a)(3) does not specify that only legal title holders can avoid transfers.

Second, one looks to state law to determine what qualifies as an interest in real property. *Butner v. United States,* 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). Under California law (as discussed in paragraph II E.1. above), Debtor's interest in the Escrows constitutes an interest in the Property.

Third, courts outside the Ninth circuit have held that a bankruptcy estate that holds an interest in real property other than legal title may avoid transfers of other equitable interests in real property.

In *In re Allenwear & Associates,* 89 B.R. 531 (Bankr.E.D.Pa.1989), a creditor of the estate claimed to hold a lien on real property alleged to be property of the estate. The debtor had entered into an agreement of sale of real property with a third party. However, as of the commencement of the case, legal title to the property had not been transferred to the debtor. The court held that as of the commencement of the case, the debtor "had only an equitable interest in the ... properties by virtue of an agreement of sale." *In re*

*Allenwear & Associates,* 89 B.R. 531, 532. After holding that the creditor at best held an equitable lien in the property, the court held that the trustee could avoid this equitable lien using Section 544(a)(3). *In re Allenwear & Associates* at 533.

Two other decisions lend support to my conclusion. In *In re Investment Sales Diversified, Inc.,* 49 B.R. 837 (Bankr.D.Minn. 1985), the debtor held equitable title in real property by purchasing interests in contract for deed and warranty deed from original purchaser of land. The original seller still held legal title in the property as of the commencement of the case. The only reason that avoidance under Section 544(a)(3) was disallowed was because constructive notice was found to exist. In *In re Investment Sales Diversified, Inc.,* 38 B.R. 446 (Bankr.D.Minn.1984), fee title in the subject real property was held by original sellers as of the commencement of the case. The debtor held equitable title due to being assigned an interest in a contract for deed by the original buyer. The buyer had also quitclaimed its interest in the real property to debtor. Again, the only reason that avoidance under Section 544(a)(3) was disallowed was due to constructive notice.

Not one of these courts specifically discussed the distinction between an Estate which held legal title as opposed to an equitable interest in real property; nevertheless, the courts allowed or were prepared to allow the trustee to avoid transfers under Section 544(a)(3) without a finding that the Estate held legal title to the subject property.

4. Constructive Notice

■ As of the commencement of the case, Debtor had no constructive notice of the transfer sought to be avoided. As a general rule, recording of an interest in or claim against real property acts as constructive notice to later purchasers of the real property. *In re Marino,* 813 F.2d 1562 (9th Cir.1987). Under California law, the procedure for giving notice of a disputed real property interest is the recordation of a *lis pendens.* Code of Civil

Procedure Section 409(a). When a *lis pendens* has been recorded in a real property action, "a purchaser or encumbrancer shall be deemed to have constructive notice of the pendency of the action as it relates to the real property...." California Code of Civil Procedure Section 409(a) (West 1990). See *In re Tleel*, 876 F.2d at 772, [citing *In re Gurs*, 27 B.R. 163, 165 (9th Cir. BAP 1983), *reh'g den'd* 34 B.R. 755].

Plaintiff did not record a *lis pendens*. Plaintiff never communicated to Debtor that Plaintiff claimed to hold an interest in the land sale contracts assigned to Debtor.

 Additionally, the filing of a complaint prior to the commencement of the bankruptcy would not put a purchaser on constructive notice unless that complaint had been recorded prior to the purchase. *In re Tleel* at 772, (citing *In re Duffy–Irvine Assoc.*, 39 B.R. 525, 529 (Bankr.E.D.Pa.1984)). Here, the Complaint was not filed until after the bankruptcy was commenced. Plaintiff did not record the Complaint. Even if Plaintiff had recorded the Complaint, a post petition recordation would not have affected Debtor's status as a bona fide purchaser, for the relevant date for determining that status is the date upon which the case was commenced. 11 U.S.C. Section 544(a)(3).

## V. CONCLUSION

 Based upon the foregoing, I conclude that Debtor is entitled to avoid the alleged transfer to Plaintiff of a beneficial interest in the Property by way of constructive trust. Therefore, the Motion to Dismiss is granted without leave to amend.